# Supreme Court of Florida

_____

No. SC15-177
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES
OF CRIMINAL PROCEDURE.**

[October 29, 2015]

PER CURIAM.

This matter is before the Court for consideration of the regular-cycle report

of proposed amendments to the Florida Rules of Criminal Procedure filed by The

Florida Bar's Criminal Procedure Rules Committee (Committee).  See Fla. R. Jud.

Admin. 2.140(b).  We have jurisdiction[1] and adopt the amendments as discussed

below.

## BACKGROUND

The Committee proposes amendments to Florida Rules of Criminal

Procedure 3.112 (Minimum Standards for Attorneys in Capital Cases), 3.121(a)

(Arrest Warrant (Issuance)), 3.172(c) (Acceptance of Guilty or Nolo Contendere

---

1.  See art. V, § 2(a), Fla. Const.

Plea (Determination of Voluntariness)), 3.192 (Motions for Rehearing), 3.212(d) (Competence to Proceed: Hearing and Disposition (Release on Finding of Incompetence)), 3.220 (Discovery), 3.281 (List of Prospective Jurors), 3.300(d) (Voir Dire Examination, Oath, and Excusing of Member (Juror Voir Dire Questionnaires)), 3.410 (Jury Request to Review Evidence or for Additional Instructions), 3.590(a) (Time for and Method of Making Motions; Procedure; Custody Pending Hearing (Time for Filing in Noncapital Cases)), 3.984 (Application for Criminal Indigent Status), 3.985 (Standard Jury Instructions), and 3.986 (Forms Related to Judgment and Sentence).  As required by rule 2.140(b)(2), the Committee published the proposals in <u>The Florida Bar News</u> before filing its report with the Court.  Numerous comments were received by the Committee.  The Board of Governors of The Florida Bar unanimously approved the Committee's proposals.  The Court also published the proposals for comment.  Eight comments were received pertaining to the proposals to amend rules 3.112, 3.172(c), and 3.220, to which the Committee responded.

Having considered the Committee's proposals, the comments filed, and the response to the comments, we adopt the Committee's proposals to amend rules 3.121(a), 3.192, 3.212(d), 3.220, 3.410, 3.590(a), 3.984, and 3.986 as proposed. The proposals to amend rules 3.112 and 3.172 are adopted with modifications, while we reject the proposals to amend rules 3.281, 3.300(d), and 3.985.

# AMENDMENTS

The amendments to the rules are discussed below.[2]

The Court adopts the proposal to amend rule 3.112, except with respect to subdivision (f) of rule 3.112 (Minimum Standards for Attorneys in Capital Cases (Lead Trial Counsel)). In subdivision (f), the Court rejects the proposal to remove the word "defense" from the term "lead defense counsel." In In re Amendment to Florida Rules of Criminal Procedure—Rule 3.112 Minimum Standards for Attorneys in Capital Cases, 759 So. 2d 610, 611 (Fla. 1999), the Court took "an important step in ensuring the integrity of the judicial process in capital cases by adopting a rule of criminal procedure to help ensure that competent representation will be provided to indigent capital defendants in all cases." The Court advanced that goal when it extended rule 3.112 to apply to public defenders and private counsel, while rejecting a "grandfather clause" that would have allowed attorneys who did not meet the new requirements but who had previously handled capital cases to continue representing capital defendants. In re Amend. to Fla. Rules of Crim. Pro.—Rule 3.112 Minimum Standards for Attorneys in Capital Cases, 820 So. 2d 185, 186-87, 192 (Fla. 2002). To remove "defense" from "lead defense counsel" in order to permit prosecutors to substitute prior capital trial prosecution

---

2. Minor, technical changes to the rules are not elaborated upon.

experience for experience as defense counsel so that they may participate as lead defense counsel in capital cases is contrary to the goals in adopting rule 3.112, and fails to account for the differences in the roles of prosecutors and defense attorneys.

Rule 3.121 (Arrest Warrant) is amended in two regards. First, subdivision (a)(4), which requires that the arrest warrant specify the name of the person to be arrested, is amended to require a photograph of the individual if one is available. Second, subdivision (a)(7), which pertains to bailable offenses, is amended to require not only the amount of bail, but also "other conditions of release."

Rule 3.172(c) (Acceptance of Guilty or Nolo Contendere Plea (Determination of Voluntariness)) includes a number of amendments. First, the trial judge is required, when determining voluntariness, to place the defendant under oath, address him or her personally, and determine on the record that he or she understands certain rights. Second, those rights are now set out individually with headings, which include the following: "Nature of the Charge," "Right to Representation," "Right to Trial by Jury and Attendant Rights," "Effect of Plea," "Waiving Right to Trial," "Questioning by Judge," "Terms of Plea Agreement," "Deportation Consequences," "Sexually Violent or Sexually Motivated Offenses," and "Driver's License Suspension or Revocation." The Court rejects the Committee's proposal to label subdivision (c)(8) as "Immigration Consequences,"

and to include in that subdivision consequences that exceed deportation. Instead, subdivision (c)(8) is designated "Deportation Consequences," and includes various requirements placed on the lower court accepting a guilty or nolo contendere plea when deportation may be a consequence of said plea. These amendments follow the United States Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010), and this Court's decision in Hernandez v. State, 124 So. 3d 757 (Fla. 2012), each pertaining to ineffective assistance of trial counsel with respect to whether counsel has a duty to advise his or her client whether an offense to which he or she is pleading guilty would subject the client to deportation.

Rule 3.192 (Motions for Rehearing) is amended to add a reference to rule 3.801 (Correction of Jail Credit) as another of the postconviction proceedings to which the rule does not apply.

In rule 3.212(d) (Competence to Proceed: Hearing and Disposition (Release on Finding of Incompetence)), the phrase "for a period not to exceed 1 year" is deleted in order that the circuit court will retain jurisdiction to allow for the repeated process of reexamination of mental competency and the setting of the same or new conditional release conditions where the defendant is found to not be mentally competent and does not meet the criteria for commitment.

The Court amends rule 3.220(h)(1) (Discovery (Discovery Depositions; Generally)) by deleting the phrase "except a subpoena duces tecum" to remove the

distinction between the criminal and civil discovery rules with respect to the procedure for taking depositions.

Rule 3.410 (Jury Request to Review Evidence or for Additional Instructions) is amended in light of this Court's decision in <u>Hazuri v. State</u>, 91 So. 3d 836 (Fla. 2012). In <u>Hazuri</u>, the Court held that after a jury request for trial transcripts during deliberations at trial, the trial court is required to inform the jury that it has a right to request a read-back of testimony and that the jury should clarify which portion of the testimony it wants to review. The addition of subdivision (b), which sets out the procedures the trial judge is to follow when the jury requests to have the transcripts of trial testimony, is added in response to the <u>Hazuri</u> decision. Finally, new subdivision (c) requires that the read-back of transcripts be conducted consistent with subdivision (a).

In rule 3.590(a) (Time for and Method of Making Motions; Procedure; Custody Pending Hearing (Time for Filing in Noncapital Cases)), the phrase "in cases in which the state does not seek the death penalty" is moved to the beginning of the rule to clarify when the rule applies. In addition, the rule is amended to reflect that the motion for new trial or in arrest of judgment may be made either orally in open court or in writing and filed with the clerk's office.

With regard to rule 3.984 (Application for Criminal Indigent Status), the form is amended to conform to the minimization requirements of Florida Rule of

Judicial Administration 2.425 (Minimization of the Filing of Sensitive Information), to require only the last four digits of a driver's license or identification number.

The Court also amends rule 3.986 (Forms Related to Judgment and Sentence) to conform to the minimization requirements of rule 2.425, to replace the victim's phone number with that of the prosecuting attorney, the victim's attorney, or the victim advocate, under the section for "Restitution Order."

Finally, the Court declines to amend certain proposals advanced by the Committee, including the proposed amendments to rules 3.281, 3.300(d), and 3.985.

The Court rejects the Committee's proposal to amend rule 3.281 (List of Prospective Jurors) by removing disclosure of copies of all jury questionnaires returned by prospective jurors. The rule applies to the parties, providing in pertinent part as follows: "Upon request, <u>any party</u> shall be furnished by the clerk of the court with a list containing names and addresses of prospective jurors summoned to try the case together with copies of all jury questionnaires returned by the prospective jurors." Fla. R. Crim. P. 3.281 (emphasis added). Excluding the jury questionnaires ignores the fact that the parties use the juror questionnaires in making decisions as to which prospective jurors to strike and which ones to retain on the jury. <u>Cf.</u> Fla. R. Civ. P. – S.V.P. 4.431(b) (Trial by Jury,

Questionnaire) ("The circuit court may require prospective jurors to complete a questionnaire in the form approved by the Supreme Court of Florida to assist in selecting prospective jurors. . . ."). Finally, the Committee's proposal does not pertain to the minimization of sensitive information to be provided, but instead seeks to make the jury questionnaires confidential rather than minimizing sensitive information contained therein. This Court cannot make judicial branch records confidential and exempt from public access by rule adopted after the 1992 adoption of Article I, section 24, of the Florida Constitution (Access to public records and meetings).[3] For this same reason, the Committee's proposal to amend

_____

3. Article I, section 24, of the Florida Constitution, "Access to public records and meetings," which was adopted in November 1992 and became effective July 1, 1993, provides in pertinent part as follows:

    (a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.

. . . .

    (c) This section shall be self-executing. The legislature, however, may provide by general law passed by a two-thirds vote of each house for the exemption of records from the requirements of subsection (a) . . . provided that such law shall state with specificity

- 8 -

rule 3.300(d) (Voir Dire Examination, Oath, and Excusing of Member (Juror Voir Dire Questionnaires)), requiring the filing under seal of juror questionnaires, is rejected.

Lastly, the Court declines to amend rule 3.985 (Standard Jury Instructions) to change the web address to the Court's Standard Jury Instructions in Criminal Cases.  The URL as provided in rule 3.985 is the address adopted by the Court in In re Amendments to Florida Rules of Criminal Procedure 3.172 and 3.985 and Amendments to Florida Rule of Civil Procedure 1.985, 20 So. 3d 376, 378 (Fla. 2009), and is the same web address listed in rule 3.985 in West's Florida Rules of Court (2015).[4]

---

the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law. . . .

    (d)  All laws that are in effect on July 1, 1993 that limit public access to records or meetings shall remain in force, and such laws apply to records of the legislative and judicial branches, until they are repealed.  Rules of court that are in effect on the date of adoption of this section that limit access to records shall remain in effect until they are repealed.

Art. I, § 24, Fla. Const. (emphasis added).

4.  The error in the web address included in rule 3.985 is as reported by Westlaw.com and Westlawnext.com.

**CONCLUSION**

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2016, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Meredith Charbula, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida; Judge Samantha Lee Ward, Past Chair, Criminal Procedure Rules Committee, Tampa, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Arthur Ivan Jacobs, General Counsel, Florida Prosecuting Attorneys Association, Fernandina Beach, Florida; Alan S. Johnson, Chief Assistant State Attorney, Fifteenth Judicial Circuit, West Palm Beach, Florida; Robert Blaise Trettis, Public Defender, Eighteenth Judicial Circuit, Viera, Florida; Julianne M. Holt, Public Defender, Thirteenth Judicial Circuit, Tampa, Florida; Rebecca A. Sharpless, Litigation Committee Co-Chair, American Immigration Lawyers Association, South Florida Chapter, Coral Gables, Florida; Jacob Lawrence Ratzan, President, American Immigration Lawyers Association, South Florida Chapter, Miami, Florida; Carlos Jesus Martinez, Public Defender, John Eddy Morrison, Assistant Public Defender, and Jonathan Harris Greenberg, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida; Luke Newman of Luke Newman, PA, Tallahassee, Florida; and William Rudolf Ponall of Snure & Ponall

P.A., Winter Park, Florida,

Responding with Comments

# APPENDIX

## RULE 3.112. MINIMUM STANDARDS FOR ATTORNEYS IN CAPITAL CASES

**(a)–(d)** **[No change]**

**(e) Appointment of Counsel.** A court must appoint lead counsel and, upon written application and a showing of need by lead counsel, should appoint co-counsel to handle every capital trial in which the defendant is not represented by retained counsel. Lead counsel shall have the right to select co-counsel from attorneys on the lead counsel or co-counsel list. Both attorneys shall be reasonably compensated for the trial and sentencing phase. Except under extraordinary circumstances, only one attorney may be compensated for other proceedings. In capital cases in which the Public Defender or Criminal Conflict and Civil Regional Counsel is appointed, the Public Defender or Criminal Conflict and Civil Regional Counsel shall designate lead and co-counsel.

**(f) Lead Trial Counsel.** Lead trial counsel assignments should be given to attorneys who:

(1)–(2)  [No change]

(3)  have prior experience as lead counsel in no fewer than nine state or federal jury trials of serious and complex cases which were tried to completion, as well as prior experience as lead defense counsel or co-counsel in at least two state or federal cases tried to completion in which the death penalty was sought. In addition, of the nine jury trials which were tried to completion, the attorney should have been lead counsel in at least three cases in which the charge was murder; or alternatively, of the nine jury trials, at least one was a murder trial and an additional five were felony jury trials; and

(4)–(7)  [No change]

**(g) – (*l*)** **[No change]**

### Committee Comments
[No change]

- 12 -

**RULE 3.121.          ARREST WARRANT**

(a)      **Issuance.** An arrest warrant, when issued, shall:

(1)–(3)  [No change]

(4)  specify the name of the person to be arrested or, if the name is unknown to the judge, designate the person by any name or description by which the person can be identified with reasonable certainty, and include a photograph if reasonably available;

(5)–(6)  [No change]

(7)  ~~in all offenses bailable as of right be endorsed with the amount of bail~~for offenses where a right to bail exists, set the amount of bail or other conditions of release, and the return date.

(b)      **[No change]**

**Committee Notes**
[No change]

**RULE 3.172.      ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA**

(a) – (b)  **[No change]**

(c) **Determination of Voluntariness.**  Except when a defendant is not present for a plea~~,~~ pursuant to the provisions of rule 3.180(d), the trial judge ~~should~~must, when determining voluntariness, place the defendant under oath, ~~and shall~~ address the defendant personally and ~~shall~~ determine on the record that he or she understands:

**(1)** **Nature of the Charge.** ~~t~~The nature of the charge to which the plea is offered, the maximum possible penalty, and any mandatory minimum penalty provided by law~~;~~.

**(2)** **Right to Representation.** ~~i~~If not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, an attorney will be appointed to represent him or her~~;~~.

**(3)** **Right to Trial By Jury and Attendant Rights.** ~~t~~The right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury, and at that trial a defendant has the right to the assistance of counsel, the right to compel attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to testify or be compelled to incriminate himself or herself~~;~~.

**(4)** **Effect of Plea.** ~~that u~~Upon a plea of guilty, or nolo contendere without express reservation of the right to appeal, he or she gives up the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but does not impair the right to review by appropriate collateral attack~~;~~.

**(5)** **Waiving Right to Trial.** ~~that i~~If the defendant pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he or she waives the right to a trial~~;~~.

**(6)** **Questioning by Judge.** ~~that i~~If the defendant pleads guilty or nolo contendere, the trial judge may ask the defendant questions about the offense to which he or she has pleaded, and if the defendant answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against him or her in a prosecution for perjury~~;~~.

**(7)** **Terms of Plea Agreement.** ~~t~~The complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result~~;~~.

**(8)** ~~that if he or she pleads guilty or nolo contendere, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to~~

- 14 -

~~whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases; and~~**Deportation Consequences.**

(A)     If the defendant is not a citizen of the United States, a finding of guilt by the court, and the court's acceptance of the defendant's plea of guilty or no contest, regardless of whether adjudication of guilt has been withheld, may have the additional consequence of changing his or her immigration status, including deportation or removal from the United States.

(B)     The court should advise the defendant to consult with counsel if he or she needs additional information concerning the potential deportation consequences of the plea.

(C)     If the defendant has not discussed the potential deportation consequences with his or her counsel, prior to accepting the defendant's plea, the court is required, upon request, to allow a reasonable amount of time to permit the defendant to consider the appropriateness of the plea in light of the advisement described in this section.

(D)     This admonition should be given to all defendants in all cases, and the trial court must not require at the time of entering a plea that the defendant disclose his or her legal status in the United States.

**(9)     Sexually Violent or Sexually Motivated Offenses.** ~~that i~~If the defendant pleads guilty or nolo contendere, and the offense to which the defendant is pleading is a sexually violent offense or a sexually motivated offense, or if the defendant has been previously convicted of such an offense, the plea may subject the defendant to involuntary civil commitment as a sexually violent predator upon completion of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated, as this admonition shall be given to all defendants in all cases.

**(10)     Driver's License Suspension or Revocation.** ~~that i~~If the defendant pleads guilty or nolo contendre and the offense to which the defendant is pleading is one for which automatic, mandatory driver's license suspension or revocation is required by law to be imposed (either by the court or by a separate agency), the plea will provide the basis for the suspension or revocation of the defendant's driver's license.

**(d) – (j)  [No change]**

**1977 Adoption.** [No Change]

**2005 Amendment.** [No Change]

**2015 Amendment**. In view of the holdings in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010) and *Hernandez v. State*, 124 So. 3d 757 (Fla. 2012), the Committee felt it appropriate to expand the requirements in subdivision (c)(8).

## RULE 3.192.     MOTIONS FOR REHEARING

When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied. A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered 40 days from the order of which rehearing is sought, or upon the filing of a written order denying the motion for rehearing, whichever is earlier. This rule shall not apply to ~~post-conviction~~postconviction proceedings pursuant to rule 3.800(a), 3.801, 3.850, 3.851, or 3.853. Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.

## RULE 3.212.     COMPETENCE TO PROCEED: HEARING AND DISPOSITION

**(a)–(c)**     **[No change]**

**(d)  Release on Finding of Incompetence.** If the court decides that a defendant is not mentally competent to proceed but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions ~~for a~~

period not to exceed 1 year. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during the release period as conditions of release. A report shall be filed with the court after each evaluation by the persons appointed by the court to make such evaluations, with copies to all parties. The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.

**Committee Notes**
[No change]

## RULE 3.220.        DISCOVERY

**(a)     [No change]**

**(b)     Prosecutor's Discovery Obligation.**

(1)  Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession or control, except that any property or material that portrays sexual performance by a child or constitutes child pornography may not be copied, photographed, duplicated, or otherwise reproduced so long as the state attorney makes the property or material reasonably available to the defendant or the defendant's attorney:

(A)–(I)  [No change]

(J)     reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and

(K)     any tangible papers or objects that the prosecuting attorney intends to use in the hearing or trial and that were not obtained from or that did not belong to the defendant.;

(L)     any tangible paper, objects or substances in the possession of law enforcement that could be tested for DNA.; and

(M)  [No change]

(2)–(4)  [No change]

**(c)–(g)  [No change]**

**(h)  Discovery Depositions.**

**(1)  Generally.** At any time after the filing of the charging document any party may take the deposition upon oral examination of any person authorized by this rule. A party taking a deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location where the deposition is to be taken, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the location of the deposition. Except as provided herein, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena ~~(except a subpoena duces tecum)~~ for deposition by an attorney of record in the action, shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant to this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or the clerk of the court may, upon application by a pro se litigant or the attorney for any party, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who refuses to obey a duly served subpoena may be adjudged in contempt of the court from which the subpoena issued.

(A)–(D)  [No change]

**(2) – (8)**  [No change]

**(i) – (o)  [No change]**

**Committee Notes**
[No change]

- 18 -

**RULE 3.410.     JURY REQUEST TO REVIEW EVIDENCE OR FOR ADDITIONAL INSTRUCTIONS**

**(a)**     If, ~~A~~after ~~the jurors~~they have retired to consider their verdict, jurors ~~if they~~ request additional instructions or to have any testimony read or played back to them they may be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read or played back to them. The instructions shall be given and the testimony presented only after notice to the prosecuting attorney and to counsel for the defendant. All testimony read or played back must be done in open court in the presence of all parties.  In its discretion, the court may respond in writing to the inquiry without having the jury brought before the court, provided the parties have received the opportunity to place objections on the record and both the inquiry and response are made part of the record.

**(b)**     In a case in which the jury requests to have the transcripts of trial testimony, the following procedures must be followed:

(1)     The trial judge must deny the requests for transcripts.

(2)     The trial judge must instruct jurors that they can, however, request to have any testimony read or played back, which may or may not be granted at the court's discretion.

(3)     In cases in which jurors make only a general request for transcripts, as opposed to identifying any particular witness' testimony that they wish to review, the trial judge must instruct jurors that, if they request a read or play back, they must specify the particular trial testimony they wish to have read or played back.

**(c)**     If, after being properly instructed in accordance with subdivision (b), the jurors request a read or play back of any trial testimony, the trial judge must follow the procedures set forth in subdivision (a).

**Committee Notes**
[No Change]

**RULE 3.590.      TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING**

(a)      **Time for Filing in Noncapital Cases.** In cases in which the state does not seek the death penalty, ~~A~~a motion for new trial or in arrest of judgment, or both~~, in cases in which the state does not seek the death penalty,~~ may be made, either orally in open court or in writing and filed with the clerk's office, within 10 days after the rendition of the verdict or the finding of the court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the 10-day period and in the discretion of the court at any other time before the motion is determined.

(b) – (e)      **[No change]**

**Committee Notes**
[No Change]

**RULE 3.984.      APPLICATION FOR CRIMINAL INDIGENT STATUS**

IN THE CIRCUIT/COUNTY COURT OF THE _____ JUDICIAL CIRCUIT IN AND FOR _____ COUNTY, FLORIDA

STATE OF FLORIDA          vs.                              CASE. NO.          .

Defendant/Minor Child

**APPLICATION FOR CRIMINAL INDIGENT STATUS**

____ I AM SEEKING THE APPOINTMENT OF THE PUBLIC DEFENDER

  OR

____ I HAVE A PRIVATE ATTORNEY OR AM SELF-REPRESENTED AND SEEK DETERMINATION OF INDIGENCE STATUS FOR COSTS

**Notice to Applicant:** The provision of a public defender/court appointed lawyer and costs/due process services are not free. A judgment and lien may be imposed against all real or personal property you own to pay for legal and other services provided on your behalf or on behalf of the

person for whom you are making this application. There is a $50.00 fee for each application filed.

If the application fee is not paid to the Clerk of the Court within 7 days, it will be added to any costs that may be assessed against you at the conclusion of this case. If you are a parent/guardian making this affidavit on behalf of a minor or tax-dependent adult, the information contained in this application must include your income and assets.

1.　　**I have** _____ **dependents.** *(Do not include children not living at home and do not include a working spouse or yourself.)*

2.　　**I have a take home income of $**_____　paid　( ) weekly　( ) bi-weekly　( ) semi-monthly　( ) monthly　( ) yearly

　　*(Take home income equals salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, **minus** deductions required by law and other court ordered support payments)*

3.　　**I have other income** paid ( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly ( ) yearly: *(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No.")*

| | | |
|---|---|---|
| Social Security benefit...................... | Yes $_____ | No |
| Unemployment compensation........... | Yes $_____ | No |
| Union Funds...................................... | Yes $_____ | No |
| Workers compensation...................... | Yes $_____ | No |
| Retirement/pensions.......................... | Yes $_____ | No |
| Trusts or gifts................................... | Yes $_____ | No |
| Veterans' benefit............................... | Yes $_____ | No |
| Child support or other regular support from family members/spouse................................ | Yes $_____ | No |
| Rental income................................... | Yes $_____ | No |
| Dividends or interest......................... | Yes $_____ | No |
| Other kinds of income not on the list...................................................... | Yes $_____ | No |

4.　　**I have other assets:** *(Circle "yes" and fill in the value of the property, otherwise circle "No")*

| | | |
|---|---|---|
| Cash.................................................. | Yes $_____ | No |
| Bank account(s)................................ | Yes $_____ | No |
| Certificates of deposit or money market accounts................................. | Yes $_____ | No |
| * Equity in Motor vehicles/Boats/ Other tangible property...................... | Yes $_____ | No |
| Savings.............................................. | Yes $_____ | No |
| Stocks/bonds..................................... | Yes $_____ | No |

   * Equity in Real estate (excluding  Yes $_____ No
homestead).........................................
  * include expectancy of an interest
in such property


**5.**  **I have a total amount of liabilities and debts in the amount of**
   **$_____~~,~~.**


**6.**  **I receive**: *(Circle "Yes" or "No")*

   Temporary Assistance for Needy Families-Cash
   Assistance............................................................. Yes  No
   Poverty-related veterans' benefits........................ Yes  No
   Supplemental Security Income (SSI)................... Yes  No


**7.**  **I have been released on bail in the amount of $_____. Cash ___ Surety ___**
   **Posted by:** Self ____ Family ____ Other _____

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s.~~ection~~ 27.52, ~~F.S.~~Florida Statutes, commits a misdemeanor of the first degree, punishable as provided in s.~~ection~~ 775.082, ~~F.S.~~Florida Statutes, or s.~~ection~~ 775.083, ~~F.S.~~Florida Statutes.  **I attest that the information I have provided on this Application is true and accurate to the best of my knowledge.**


Signed this ____ day of _____, 20___.



_____    _____
Date of Birth          Signature of Applicant for Indigent Status

Last 4 Digits of Driver's license or ID
number           Print full legal name
             Address
             City, State, Zip
             Phone number

### CLERK'S DETERMINATION


_____ Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent

_____ The Public Defender is hereby appointed to the case listed above until relieved by the Court.

Dated this _____ day of _____, 20___.

_____
Clerk of the Circuit Court

This form was completed
with the assistance of

_____
Clerk/Deputy Clerk/Other authorized
person

**APPLICANTS FOUND NOT INDIGENT MAY SEEK REVIEW BY ASKING FOR A HEARING TIME. Sign here if you want the judge to review the clerk's decision of not indigent.** _____

*In West's Florida Rules of Court—State (2014 Revised Edition) the instructions after question 3 are not shown in italic. See In re Approval of Application for Determination of Indigent Status Form for Use by Clerks and Amendment to Florida Rule of Criminal Procedure 3.984, 5 So. 3d 662 (Fla. 2009). Additionally, West shows an "I" in question 3, between "( ) bi-weekly" and "( ) semi- monthly."*

## RULE 3.986. FORMS RELATED TO JUDGMENT AND SENTENCE

**(a) Sufficiency of Forms**. The forms as set forth below, or computer generated formats that duplicate these forms, shall be used by all courts. Variations from these forms do not void a judgment, sentence, order, or fingerprints that are otherwise sufficient.

**(b) Form for Judgment.**

___ Probation Violator
___ Community Control Violator
___ Retrial
___ Resentence

In the Circuit Court,
____ Judicial Circuit, in and for
_____ County, Florida
Division
Case Number

- 23 -

State of Florida

v.


Defendant

## JUDGMENT


The defendant, _____, being personally before this court represented by _____, the attorney of record, and the state represented by _____, and having

_____ been tried and found guilty by jury/by court of the following crime(s)

_____ entered a plea of guilty to the following crime(s)

_____ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute Number(s) | Degree of Crime | Case Number | OBTS Number |
|-------|-------|---------------------------|-----------------|-------------|-------------|
|       |       |                           |                 |             |             |

and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

and being a qualified offender pursuant to s.ection 943.325, Florida Statutes, the defendant shall be required to submit DNA samples as required by law.

and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

DONE AND ORDERED in open court in _____ County, Florida, on ..........(date).........

_____
Judge

State of Florida

v.



Defendant                                        Case Number


## FINGERPRINTS OF DEFENDANT


| R. Thumb | R. Index | R. Middle | R. Ring | R. Little |
|----------|----------|-----------|---------|-----------|

| L. Thumb | L. Index | L. Middle | L. Ring | L. Little |
|----------|----------|-----------|---------|-----------|

Fingerprints taken by:
        (Name)        (Title)

     I HEREBY CERTIFY that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, _____, and that they were placed thereon by the defendant in my presence in open court this date.


                                                  Judge

**(c)    Form for Charges, Costs, and Fees.**

In the Circuit Court,
_____ Judicial Circuit, in and for
_____ County, Florida
Division
Case Number

State of Florida

v.


Defendant

**CHARGES/COSTS/FEES**

The defendant is hereby ordered to pay the following sums if checked:

___ $50.00 pursuant to section 938.03, Florida Statutes (Crimes Compensation Trust Fund).

___ $3.00 as a court cost pursuant to section 938.01, Florida Statutes (Criminal Justice Trust Fund).

___ $2.00 as a court cost pursuant to section 938.15, Florida Statutes (Criminal Justice Education by Municipalities and Counties).

___ A fine in the sum of $ _____ pursuant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as part of a sentence to section 775.083, Florida Statutes, are to be recorded on the sentence page(s).)

___ A sum of $ _____ pursuant to section 938.27, Florida Statutes (Prosecution/Investigative Costs).

___ A sum of $ _____ pursuant to section 938.29, Florida Statutes (Public Defender/Appointed Counsel Fees).

___ Restitution in accordance with attached order.

___ $201 pursuant to section 938.08, Florida Statutes (Funding Programs in Domestic Violence).

___ A sum of $ _____ for the cost of collecting the DNA sample required by s.ection 943.325, Florida Statutes.

___ Other _____

_____

DONE AND ORDERED in open court in _____ County, Florida, on .....(date)......

_____
Judge

**(d)    Form for Sentencing.**

Defendant _____ Case Number _____ OBTS Number _____

## SENTENCE

(As to Count __)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _____, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

(Check one if applicable)

and the court having on .....(date)..... deferred imposition of sentence until this date

and the court having previously entered a judgment in this case on .....(date)..... now resentences the defendant

and the court having placed the defendant on probation/community control and having subsequently revoked the defendant's probation/community control

It Is The Sentence Of The Court That:

The defendant pay a fine of $ __, pursuant to section 775.083, Florida Statutes, plus $ __ as the 5% surcharge required by section 938.04, Florida Statutes.

The defendant is hereby committed to the custody of the Department of Corrections.

The defendant is hereby committed to the custody of the Sheriff of _____ County, Florida

The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

To Be Imprisoned (check one; unmarked sections are inapplicable):

For a term of natural life.

For a term of _____.

Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence complete the appropriate paragraph

Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

However, after serving a period of _____ imprisonment in _____ the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS

(As to Count __)

By appropriate notation, the following provisions apply to the sentence imposed:

Mandatory/Minimum Provisions:

Firearm

It is further ordered that the 3-year minimum imprisonment provision of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.

Drug Trafficking

It is further ordered that the _____ mandatory minimum imprisonment provision of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

Controlled Substance Within 1,000 Feet of School

> It is further ordered that the 3-year minimum imprisonment provision of section 893.13(1)(c)1, Florida Statutes, is hereby imposed for the sentence specified in this count.

Habitual Felony Offender

> The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Habitual Violent Felony Offender

> The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of ___ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court.

Law Enforcement Protection Act

> It is further ordered that the defendant shall serve a minimum of ___ years before release in accordance with section 775.0823, Florida Statutes. (Offenses committed before January 1, 1994.)

Capital Offense

> It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes. (Offenses committed before October 1, 1995.)

Short-Barreled Rifle, Shotgun, Machine Gun

> It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. (Offenses committed before January 1, 1994.)

Continuing Criminal Enterprise

> It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count. (Offenses committed before January 1, 1994.)

Taking a Law Enforcement Officer's Firearm

> It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0875(1), Florida Statutes, is hereby imposed for the sentence specified in this count. (Offenses committed before January 1, 1994.)

Sexual Offender/Sexual Predator Determinations:

Sexual Predator

The defendant is adjudicated a sexual predator as set forth in section 775.21, Florida Statutes.

Sexual Offender

The defendant meets the criteria for a sexual offender as set forth in section 943.0435(1)(a)1a., b., c., or d, Florida Statutes.

Age of Victim

The victim was _____ years of age at the time of the offense.

Age of Defendant

The defendant was _____ years of age at the time of the offense.

Relationship to Victim

The defendant is not the victim's parent or guardian.

Sexual Activity [F.S. Section 800.04(4), Florida Statutes]

The offense _____ did _____ did not involve sexual activity.

Use of Force or Coercion [F.S. Section 800.04(4), Florida Statutes]

The sexual activity described herein _____ did _____ did not involve the use of force or coercion.

Use of Force or Coercion/unclothed Genitals [F.S. Section 800.04(5), Florida Statutes]

The molestation _____ did _____ did not involve unclothed genitals or genital area.

The molestation _____ did _____ did not involve the use of force or coercion.

- 31 -

Other Provisions:

Criminal Gang Activity

> The felony conviction is for an offense that was found, pursuant to section 874.04, Florida Statutes, to have been committed for the purpose of benefiting, promoting, or furthering the interests of a criminal gang.

Retention of Jurisdiction

> The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes (1983).

Jail Credit

> It is further ordered that the defendant shall be allowed a total of ___ days as credit for time incarcerated before imposition of this sentence.

CREDIT FOR TIME SERVED
IN RESENTENCING AFTER
VIOLATION OF PROBATION
OR COMMUNITY CONTROL

> It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served and unforfeited gain time previously awarded on case/count _____. (Offenses committed before October 1, 1989.)

> It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served on case/count _____. (Offenses committed between October 1, 1989, and December 31, 1993.)

> The Court deems the unforfeited gain time previously awarded on the above case/count forfeited under section 948.06(7), Florida Statutes.

> The Court allows unforfeited gain time previously awarded on the above case/count. (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1), Florida Statutes.)

> It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall

compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes, on case/count _____. (Offenses committed on or after January 1, 1994.)

Consecutive/Concurrent as to Other Counts
It is further ordered that the sentence imposed for this count shall run
(check one) ___ consecutive to ___ concurrent with the sentence set forth in
count ___ of this case.

Consecutive/Concurrent as to Other Convictions

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one) ___ consecutive to ___ concurrent with (check one) the following:
___ any active sentence being served.

___ specific sentences: _____

_____

_____

In the event the above sentence is to the Department of Corrections, the Sheriff of _____ County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the state on showing of indigency.

In imposing the above sentence, the court further recommends _____.

_____

_____

DONE AND ORDERED in open court at _____ County, Florida, on .....(date)......

_____
Judge

**(e)** **Form for Order of Probation.**

In the _____ Court
of _____ County, Florida
Case Number

State of Florida

v.


Defendant

## ORDER OF PROBATION


This cause coming on this day to be heard before me, and you, the defendant, _____, being now present before me, and you having

(check one)

        entered a plea of guilty to
        entered a plea of nolo contendere to
        been found guilty by jury verdict of
   been found guilty by the court trying the case without a jury of the offense(s) of




SECTION 1: Judgment Of Guilt

      The Court hereby adjudges you to be guilty of the above offense(s).

Now, therefore, it is ordered and adjudged that the imposition of sentence is hereby withheld and that you be placed on probation for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 2: Order Withholding Adjudication

      Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on probation for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 3: Probation During Portion Of Sentence

It is hereby ordered and adjudged that you be

___       committed to the Department of Corrections

___       confined in the County Jail

for a term of _____ with credit for _____ jail time. After you have served __ of the term you shall be placed on probation for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

___       confined in the County Jail

for a term of _____ with credit for _____ jail time, as a special condition of probation.

It is further ordered that you shall comply with the following conditions of probation during the probationary period.

(1)      Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.

(2)      You will pay the State of Florida the amount of $ _____ per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.

(3)      You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.

(4)      You will not possess, carry, or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer.

(5)      You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation.

(6)      You will not associate with any person engaged in any criminal activity.

(7)      You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.

(8)      You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your officer.

(9)     You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your officer may give you.

(10)     You will pay restitution, costs, and/or fees in accordance with the attached orders.

(11)     You will report in person within 72 hours of your release from confinement to the probation office in _____ County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at _____.

(12)     You shall submit to the drawing of blood or other biological specimens as required by s.ection 943.325, Florida Statutes.

(13)     You shall submit to the taking of a digitized photograph as required by s.ection 948.03, Florida Statutes.

## SPECIAL CONDITIONS

___     You must undergo a (drug/alcohol) evaluation and, if treatment is deemed necessary, you must successfully complete the treatment.

___     You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.

___     You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.

___     You will not associate with _____ during the period of probation.

___     You will not associate with other criminal gang members or associates, except as authorized by law enforcement officials, prosecutorial authorities, or the court, for the purpose of aiding in the investigation of criminal activity.

___     You will not contact _____ during the period of probation.

___     You will attend and successfully complete an approved batterers' intervention program.

___     Other _____

(Use the space below for additional conditions as necessary.)

You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your probation, or may extend the period of probation as authorized by law, or may discharge you from further supervision. If you violate any of the conditions of your probation, you may be arrested and the court may revoke your probation, adjudicate you guilty if adjudication of guilt was withheld, and impose any sentence that it might have imposed before placing you on probation or require you to serve the balance of the sentence.

It is further ordered that when you have been instructed as to the conditions of probation, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)

It is further ordered that the clerk of this court file this order in the clerk's office and provide certified copies of same to the officer for use in compliance with the requirements of law.

DONE AND ORDERED, on .....(date)......

_____
Judge

I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.

.....(date).....                              Probationer _____

Instructed by _____

| | | |
|---|---|---|
| Original: | Clerk of the Court |
| Certified Copies: | Probationer |
| | Florida Department of Corrections, Probation and Parole Services |

**(f)      Form for Community Control.**

In the _____ Court,
of _____ County, Florida
Case Number

State of Florida

v.

Defendant

## ORDER OF COMMUNITY CONTROL

This cause coming on this day to be heard before me, and you, the defendant, _____, being now present before me, and you having

(check one)

entered a plea of guilty to

entered a plea of nolo contendere to

been found guilty by jury verdict of

___ been found guilty by the court trying the case without a jury of the offense(s) of

SECTION 1: Judgment of Guilt

___      The court hereby adjudges you to be guilty of the above offense(s).

Now, therefore, it is ordered and adjudged that you be placed on community control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 2: Order Withholding Adjudication

___      Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on Community Control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

SECTION 3: Community Control During Portion Of Sentence

It is hereby ordered and adjudged that you be

_____ committed to the Department of Corrections

_____ confined in the County Jail

for a term of _____ with credit for _____ jail time. After you have served __ of the term, you shall be placed on community control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

_____ confined in the County Jail

for a term of _____ with credit for _____ jail time, as a special condition of community control.

It is further ordered that you shall comply with the following conditions of community control during the community control period.

(1)     Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.

(2)     You will pay the State of Florida the amount of $ _____ per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.

(3)     You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.

(4)     You will not possess, carry, or own any firearm. You will not possess, carry, or own other weapons without first procuring the consent of your officer.

(5)     You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your community control.

(6)     You will not associate with any person engaged in any criminal activity.

(7)     You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.

(8)     You will work diligently at a lawful occupation, advise your employer of your community control status, and support any dependents to the best of your ability as directed by your officer.

(9)     You will promptly and truthfully answer all inquiries directed to you by the court or your officer and allow your officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.

(10)     You will report to your officer at least 4 times a week, or, if unemployed full time, daily.

(11)     You will perform _____ hours of public service work as directed by your officer.

(12)     You will remain confined to your approved residence except for one half hour before and after your approved employment, public service work, or any other special activities approved by your officer.

(13)     You will pay restitution, costs, and/or fees in accordance with the attached orders.

(14)     You will report in person within 72 hours of your release from confinement to the probation office in _____ County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at _____ .

(15)     You shall submit to the drawing of blood or other biological specimens as required by s.ection 943.325, Florida Statutes.

(16)     You shall submit to the taking of a digitized photograph as required by s.ection 948.101, Florida Statutes.

## SPECIAL CONDITIONS

___     You must undergo a (drug/alcohol) evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.

___     You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.

___     You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.

___     You will not associate with _____ during the period of community control.

___     You will not associate with other criminal gang members or associates, except as authorized by law enforcement officials, prosecutorial authorities, or the court, for the purpose of aiding in the investigation of criminal activity.

___     You will not contact _____ during the period of community control.

___     You will maintain an hourly accounting of all your activities on a daily log which you will submit to your officer on request.

___ You will participate in self-improvement programs as determined by the court or your officer.

___ You will submit to electronic monitoring of your whereabouts as required by the Florida Department of Corrections.

___ You will attend and successfully complete an approved batterers' intervention program.

___ Other _____

(Use the space below for additional conditions as necessary.)


You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your community control, or may extend the period of community control as authorized by law, or may discharge you from further supervision or return you to a program of regular probation supervision. If you violate any of the conditions and sanctions of your community control, you may be arrested, and the court may adjudicate you guilty if adjudication of guilt was withheld, revoke your community control, and impose any sentence that it might have imposed before placing you on community control.

It is further ordered that when you have reported to your officer and have been instructed as to the conditions of community control, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)

It is further ordered that the clerk of this court file this order in the clerk's office, and forthwith provide certified copies of same to the officer for use in compliance with the requirements of law.

DONE AND ORDERED, on .....(date)......


_____
Judge

I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.

.....(date).....         Community controller _____

Instructed by _____


Original:       Clerk of the Court
Certified Copies:       Community Controlee

Florida Department of Corrections, Probation and Parole Services

**(g)** **Form for Restitution Order.**

In the Circuit Court,
_____ Judicial Circuit, in and for
_____ County, Florida
Division
Case Number

State of Florida

v.


Defendant

### RESTITUTION ORDER


By appropriate notation, the following provisions apply to the sentence imposed in this section:

Restitution is not ordered as it is not applicable.

Restitution is not ordered due to the financial resources of the defendant.

Restitution is not ordered due to _____.

Due to the financial resources of the defendant, restitution of a portion of the damages is ordered as prescribed below.

Restitution is ordered as prescribed below.

Restitution is ordered for the following victim. (Victim refers to the aggrieved party, aggrieved party's estate, or aggrieved party's next of kin if the aggrieved party is deceased as a result of the offense. In lieu of the victim's address and phone number, the address and phone number of the prosecuting attorney, victim's attorney, or victim advocate may be used.)

_____
Name of victim

_____
Name of attorney or advocate if applicable

Address
City, State, and Zip Code

Phone Number (of prosecuting attorney, victim's attorney, or victim advocate)

The sum of $ __ for medical and related services and devices relating to physical, psychiatric, and psychological care, including non-medical care and treatment rendered in accordance with a recognized method of healing.

The sum of $ __ for necessary physical and occupational therapy and rehabilitation.

The sum of $ __ to reimburse the victim for income lost as a result of the offense.

The sum of $ __ for necessary funeral and related services if the offense resulted in bodily injury resulting in the death of the victim.

The sum of $ __ for damages resulting from the offense.

The sum of $ __ for

It is further ordered that the defendant fulfill restitution obligations in the following manner:

Total monetary restitution is determined to be $ ___ to be paid at a rate of $ ___ per (check one) ___ month ___ week ___ other (specify) _____ and is to be paid (check one) ___ through the clerk of the circuit court, ___ to the victim's designee, or ___ through the Department of Corrections, with an additional 4% fee of $ ___ for handling, processing, and forwarding the restitution to the victim(s).

For which sum let execution issue.

DONE AND ORDERED at _____ County, Florida, on .....(date)......

_____
Judge
Original: Clerk of the Court
Certified Copy: Victim

**Committee Note**

**1980 Amendment.** The proposed changes to rule 3.986 are housekeeping in nature. References to the Department of Offender Rehabilitation have been changed to Department of Corrections to reflect a legislative change. See section 20.315, Florida Statutes (Supp. 1978). The reference to "hard labor" has been stricken as the courts have consistently held such a condition of sentence is

not authorized by statute. See, *e.g., McDonald v. State*, 321 So. 2d 453, 458 (Fla. 4th DCA 1975).