IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JULIAN PLUCK,

      Appellant,

v.

      Case No.  5D18-1742

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 10, 2018

3.850 Appeal from the Circuit
Court for Brevard County,
Nancy Maloney, Judge.

Christopher T. Cochran, Merritt Island, for
Appellant.

No Appearance for Appellee.

LAMBERT, J.

Appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  Because the record conclusively refutes the claims raised by Appellant in his motion, we affirm.

In February 2017, Appellant was charged with possession of a controlled substance with the intent to sell or deliver.  Six months later, pursuant to a negotiated plea agreement, the trial court accepted Appellant's no contest plea, withheld an adjudication of guilt, and placed Appellant on eighteen months of probation.

Appellant thereafter timely filed the present motion alleging that his trial counsel was ineffective for failing to properly advise him of the possible deportation consequences of his plea. Appellant asserted that he is now being deported as a result of his plea and that if he had been properly advised by his counsel, he would not have tendered this plea. Appellant further alleged that the deportation warning provided to him by the trial court was "defective," and he moved that his plea be vacated and that he be allowed to proceed to trial. In denying the motion, the postconviction court attached to its order a copy of the transcript of the change of plea hearing and held that this transcript conclusively refuted Appellant's claim that his plea was involuntary because he was not properly advised of the potential deportation consequences. We agree.

Before accepting a plea of guilty or nolo contendere, Florida Rule of Criminal Procedure 3.172(c) requires that a trial judge make certain inquiries of defendants and issue standard warnings to them to ensure the voluntariness of their plea. Prior to January 1, 2016, subsection (c)(8) of this rule required that a judge advise a defendant that if he or she is not a United States citizen, a plea of guilty or nolo contendere *may subject* him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. In *Hernandez v. State*, 124 So. 3d 757 (Fla. 2012), the Florida Supreme Court held that this equivocal warning that a guilty or nolo contendere plea "may subject you" to deportation does not bar ineffective assistance of counsel claims in every instance, especially where deportation consequences are "truly clear." 124 So. 3d at 762. Under such circumstances, the court concluded that "an equivocal warning from the trial court is less than what is required from

counsel and therefore cannot, by itself, remove prejudice resulting from counsel's deficiency." *Id.* at 763.

Following the court's opinion in *Hernandez*, rule 3.172(c) was amended effective January 1, 2016, as to the various requirements placed upon the trial judge before accepting a guilty or nolo contendere plea. *See In re Amendments to the Fla. Rules of Criminal Procedure*, 188 So. 3d 764, 766-71 (Fla. 2015). The judge, when determining the voluntariness of a plea, must now place the defendant under oath, address the defendant personally, and determine on the record that the defendant understands certain rights enumerated in this rule. *Id.* at 766. The former subsection (c)(8) of the rule, including the brief admonition given to the defendant that a plea of guilty or nolo contendere "may subject" him or her to deportation, was deleted in its entirety and replaced with the following expanded version:

> **(8) Deportation Consequences.**
>
> (A)   If the defendant is not a citizen of the United States, a finding of guilt by the court, and the court's acceptance of the defendant's plea of guilty or no contest, regardless of whether adjudication of guilt has been withheld, may have the additional consequence of changing his or her immigration status, including deportation or removal from the United States.
>
> (B)   The court should advise the defendant to consult with counsel if he or she needs additional information concerning the potential deportation consequences of the plea.
>
> (C)   If the defendant has not discussed the potential deportation consequences with his or her counsel, prior to accepting the defendant's plea, the court is required, upon request, to allow a reasonable amount of time to permit the defendant to consider the appropriateness of the plea in light of the advisement described in this section.

> (D)     This admonition should be given to all defendants in all cases, and the trial court must not require at the time of entering a plea that the defendant disclose his or her legal status in the United States.

Fla. R. Crim. P. 3.172(c)(8).

Returning to the present case, the transcript of the plea hearing attached to the order on appeal conclusively shows that counsel was not ineffective and that the trial court and counsel complied with the new requirements of rule 3.172(c)(8). First, Appellant's counsel represented to the trial court that the case had in fact been continued several times to provide Appellant with the opportunity to consult separately with immigration attorneys to discuss the potential effect that his plea may have regarding his possible deportation.[1] Second, Appellant was placed under oath and, in response to the court's direct inquiry, testified that he understood that entering his plea may have deportation consequences. Appellant also testified that he had separately consulted with an attorney about these deportation consequences and that he still believed that it was in his best interest to enter his plea. Lastly, the trial court found that Appellant understood that by tendering his no contest plea, he was giving up certain constitutional rights previously addressed at the hearing and that Appellant had entered into the plea freely and voluntarily with the understanding of the consequences of the plea.

To establish an ineffective assistance of counsel claim, a defendant must first show that counsel's performance was deficient and, second, that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where, as here, no evidentiary hearing is held on the rule 3.850 motion, the defendant's factual

---

[1] Counsel volunteered to the trial court that Appellant is not a United States citizen.

4

allegations in the motion must be accepted as true to the extent that they are not conclusively refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999). As outlined above, Appellant's claims were conclusively refuted by the record attachments to the order on appeal. Accordingly, we affirm the postconviction court's denial of Appellant's rule 3.850 motion.

AFFIRMED.

EDWARDS and EISNAUGLE, JJ., concur.