# Supreme Court of Florida

_____

No. SC18-174

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE - 2018 REGULAR-CYCLE REPORT.**

December 6, 2018

PER CURIAM.

We have for consideration The Florida Bar's Juvenile Court Rules Committee's (JCR Committee) regular-cycle report of proposed amendments to the Florida Rules of Juvenile Procedure.  *See* Fla. R. Jud. Admin. 2.140(b)(4).[1] We adopt the majority of the unopposed proposals and either modify or decline to adopt, at this time, the two opposed proposals as well as several of the other proposed amendments.

## BACKGROUND

The JCR Committee proposes amendments to Florida Rules of Juvenile Procedure 8.005 (Ordering Children into Custody); 8.045 (Notice to Appear);

_____

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

8.060 (Discovery); 8.080 (Acceptance of Guilty or Nolo Contendere Plea); 8.085 (Prehearing Motions and Service); 8.090 (Speedy Trial); 8.100 (General Provisions for Hearings); 8.110 (Adjudicatory Hearings); 8.255 (General Provisions for Hearings); 8.257 (General Magistrates); 8.320 (Providing Counsel to Parties); 8.425 (Permanency Hearings); and 8.435 (Reinstatement of Jurisdiction for Young Adult); and forms 8.947 (Disposition Order—Delinquency); 8.964 (Dependency Petition); 8.965 (Arraignment Order); and 8.991 (Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy). The Committee also proposes adding new form 8.953 (Waiver of Rights), and deleting form 8.974 (Petition to Extend or Reinstate Court's Jurisdiction). Consistent with rule 2.140(b)(2), the JCR Committee published its proposals for comment prior to filing them with the Court. The JCR Committee received one comment addressing a proposal not included in the Committee's report. The Board of Governors of The Florida Bar unanimously approved all the proposals.

The Court published the proposals for comment after they were filed. The Civil Procedure Rules Committee (CivPR Committee) filed a comment with the Court raising concerns about proposed new rule 8.255(e) (Taking Testimony), which addresses the use of communication equipment, suggesting that the JCR Committee should coordinate its proposal with amendments to Florida Rule of Judicial Administration 2.530 (Communication Equipment) and the civil rules

currently being developed by the CivPR Committee and the Rules of Judicial Administration Committee (RJA Committee). The JCR Committee filed a response declining to follow that suggestion.

After the comment period ended, the JCR Committee filed a notice of filing providing the Court with a comment by Robert Blaise Trettis, the Public Defender for the Eighteenth Judicial Circuit, addressing the proposed amendments to juvenile rule 8.080 (Acceptance of Guilty or Nolo Contendere Plea) that would title subdivision (c)(10) of that rule "Immigration Consequences" and require the court, when accepting a plea to a delinquency charge, to ensure that the child understands the potential immigration consequences of entering the plea. Mr. Trettis pointed out that the Court had previously rejected substantially the same amendments to Florida Criminal Rule of Procedure 3.172 (Acceptance of Guilty or Nolo Contendere Plea) in *In re Amendments to the Florida Rules of Criminal Procedure*, 188 So. 3d 764, 766 (Fla. 2015). He therefore urged the JCR Committee to withdraw its proposed amendments to the juvenile rule. The JCR Committee declined to withdraw the proposed amendments.

In light of the issues raised in the comments concerning the proposed amendments to rule 8.080(c)(10) and proposed new rule 8.255(e), as well as the Court's unrelated concerns about the proposed amendments to rule 8.090(m)(3)

(Remedy for Failure to Try Respondent Within the Specified Time), the Court held oral argument on those three proposals.

## AMENDMENTS

After considering the proposed amendments, the comments submitted to the JCR Committee and filed with the Court, and the JCR Committee's responses, and having heard oral argument, we adopt the majority of the unopposed amendments as proposed. However, as explained below, we modify the proposed amendments to rule 8.080(c)(10) and proposed new form 8.953 to address only the "deportation consequences" of a juvenile entering a plea to a delinquency charge. We also decline to adopt, at this time, the proposed amendments to rule 8.090(m)(3) that would establish a single 15-day speedy trial recapture window, proposed new rule 8.255(e) addressing the use of communication equipment, and the related amendment to rule 8.257(d)(3).[2] Instead, we direct the JCR Committee to coordinate its efforts as to those rule amendments with other Florida Bar rules committees, as explained below.

### *Modified and Rejected Proposals*

---

2. We also make a minor technical change to form 8.991 (Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy).

First, we decline to amend juvenile rule 8.080(c)(10) as proposed. That rule currently addresses the deportation consequences of a child entering a plea of guilty or nolo contendere to a delinquency change. The JCR Committee urges the Court to amend the rule to address potential "immigration consequences" of a juvenile entering a plea. Instead, we modify the proposed amendments to the juvenile rule to address only "deportation consequences," consistent with the Court's limitation of a similar proposal by the Criminal Procedure Rules Committee (CrimPR Committee) to amend Florida Rule of Criminal Procedure 3.172(c)(8). *See In re Amends. to Fla. Rules of Crim. Pro.*, 188 So. 3d at 766.

New "child friendly" form 8.953 (Waiver of Rights) was proposed to ensure that juveniles understand the charges against them and the potential consequences of pleading nolo contendere or guilty. Consistent with our limiting juvenile rule 8.080(c)(10) to "deportation consequences," we have changed item 6(b) "immigration issues" in the new form to "deportation issues."

Next, we decline to adopt, at this time, the proposed amendments to rule 8.090(m)(3) that would establish the single 15-day speedy-trial recapture window suggested by Justice Pariente in her concurring opinion in *State v. S.A.*, 133 So. 3d 506, 509-10 (Fla. 2014) (Pariente J., concurring). Instead, we direct the JCR Committee to work with the CrimPR Committee to coordinate amendments to the juvenile and criminal speedy-trial rules, in order to ensure continued consistency in

the time frames in those rules. *Id.* at 510 (recognizing that the Court "has interpreted the nearly identical language of the juvenile and adult [speedy-trial] rules consistently").

We also decline to adopt, at this time, proposed new juvenile rule 8.255(e) (Taking Testimony), which would address the use of communication equipment in dependency proceedings. And we direct the JCR Committee to work with the RJA Committee to ensure that any proposed juvenile rule addressing the use of communication equipment is consistent with Florida Rule of Judicial Administration 2.530 (Communication Equipment) or any amendments to that rule, which, according to the CivPR Committee, are currently being developed. *See In re Amends. to Fla. Rules of Jud. Admin.*, 73 So. 3d 210, 211-12 (Fla. 2011) (explaining that judicial administration rule 2.530 is the rule of general application for the use of communication equipment in all types of cases). Because we decline to adopt new rule 8.255(e), we also decline to adopt the proposed amendment to rule 8.257(d)(3) that would replace the reference to "Florida Rule of Judicial Administration 2.530" with "these rules."

### *More Significant Amendments*

We discuss the more significant amendments that we adopt as proposed below.

Subdivision (b) is added to rule 8.005 (Ordering Children Into Custody) and a sentence is added to rule 8.045(g) (Failure to Appear) to prohibit the court from issuing a custody order based on a child's failing to appear unless there is evidence that the child willfully failed to appear.

New subdivision (a)(2)(A)(i)h. is added to rule 8.060 (Discovery) to include informant witnesses who will offer testimony concerning the statements of a child charged with a delinquent act as Category A witnesses. New subdivisions (a)(2)(L)(i)–(a)(2)(L)(vi) require the state to disclose to the child or the child's counsel and permit the inspection, copying, testing, and photographing of any material or information that has been provided by an informant witness. "Names and addresses of" all persons whom the child expects to call as witnesses is added to subdivision (b)(1)(A) to specify the information that the child must include in the witness information provided to the petitioner.

A number of amendments are made to rule 8.100 (General Provisions for Hearings) concerning the use of restraints on the child. The first sentence in subdivision (b) (Use of Restraints on the Child) is amended to replace "may" with "shall," and add "cloth and leather restraints, or other similar items" to the list of examples of instruments of restraint that "shall not be used on a child during a court proceeding," except as provided in the rule. That sentence is further amended to require a court order, prior to the child's appearance in the courtroom,

before the child can be restrained during a court proceeding. A second sentence is created emphasizing that all instruments of restraint must be removed prior to the child's appearance unless "after an individualized assessment of the child," the court makes the requisite findings. Several new subdivisions are added. New subdivision (b)(3) specifies the factors the court must consider when making a finding that the use of restraints is necessary. New subdivision (b)(4) requires the court to give the child's attorney an opportunity to be heard before ordering the use of restraints and that counsel be appointed for the hearing if the child qualifies for such appointment and does not waive counsel in writing. New subdivision (b)(5) requires that if the court orders restraints be used, the court must make specific and individualized findings of facts in support of the order and the least restrictive restraints must be used. And, if restraints are ordered, the child must be able to use his or her hands for limited movement that allows the child to read and handle documents necessary to the hearing. Finally, new subdivision (b)(6) prohibits a child from being restrained using restraints fixed to a wall, floor, or furniture.

Subdivision (a)(2) of rule 8.435 (Reinstatement of Jurisdiction for Young Adult) is amended to require a petition for reinstatement of jurisdiction for a young adult reentering extended foster care to indicate whether the young adult has a special need requiring appointment of counsel as required by section 39.01305, Florida Statutes. New subdivision (c)(3) requires that in the order on the petition

for reinstatement of jurisdiction, the court appoint an attorney to represent a young adult with special needs who is not represented by an attorney. Rule 8.320 (Providing Counsel to Parties) is similarly amended to add new subdivision (a)(4) to require the court to "appoint an attorney to represent a child with special needs as defined in chapter 39, Florida Statutes, and who is not already represented by an attorney."

## CONCLUSION

Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2019, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

David Neal Silverstein, Chair, Bradenton, Florida, and Kara Ann Fenlon, Past Chair, Tallahassee, Florida, Juvenile Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Honorable Rodolfo Armando Ruiz II, Chair, and Miguel J. Chamorro, Liaison, Civil Procedure Rules Committee, Miami, Florida; Blaise Trettis, Public Defender, Eighteenth Judicial Circuit, Viera, Florida; and Glen P. Gifford, Public Defender, Second Judicial Circuit, Tallahassee, Florida,

Responding with Comments

# APPENDIX

## RULE 8.005.    ORDERING CHILDREN INTO CUSTODY

If a verified petition has been filed, or if, prior to the filing of a petition, an affidavit or sworn testimony is presented to the court, either of which alleges facts which under existing law are sufficient to authorize that a child be taken into custody, the court may issue an order to a person, authorized to do so, directing that the child be taken into custody.

**(a)    Requirements of Order.** The order shall:

(a1)    be in writing;

(b2)    specify the name and address of the child or, if unknown, designate the child by any name or description by which the child can be identified with reasonable certainty;

(e3)    specify the age and sex of the child or, if the child's age is unknown, that he or she is believed to be of an age subject to the jurisdiction of the circuit court as a juvenile case;

(d4)    state the reasons why the child is being taken into custody;

(e5)    order that the child be brought immediately before the court or be taken to a place of detention designated by the court to be detained pending a detention hearing;

(f6)    state the date when issued and the county and court where issued; and

(g7)    be signed by the court with the title of office, or may be electronically signed if the custody order bears the affiant's signature or electronic signature and is supported by an oath or affirmation administered by the court or other person authorized by law to administer oaths.

**(b)    Prohibited Orders.** The court shall not issue an order to take into custody for a failure to appear for children in the care or custody of the state unless the court has information that the child willfully failed to appear.

**RULE 8.045.     NOTICE TO APPEAR**

**(a) – (e)     [No Change]**

**(f)     Contents.** A notice to appear shall contain the following information:

(1)     ~~T~~the name and address of the child and the person to whom the child was released~~.~~;

(2)     ~~T~~the date of the offense(s)~~.~~;

(3)     ~~T~~the offense(s) charged by statute and municipal ordinance, if applicable~~.~~;

(4)     ~~T~~the counts of each offense~~.~~;

(5)     ~~T~~the time and place where the child is to appear~~.~~;

(6)     ~~T~~the name and address of the trial court having jurisdiction to try the offense(s) charged~~.~~;

(7)     ~~T~~the name of the arresting officer or authorized agent of the department~~.~~; and

(8)     ~~T~~the signatures of the child and the person to whom the child was released.

**(g)     Failure to Appear.** When a child signs a written notice to appear and fails to respond to the notice, an order to take into custody shall be issued. <u>The court shall not issue an order to take into custody for a child in the care or custody of the state unless the court has information that the child willfully failed to appear.</u>

**(h)     [No Change]**

**Committee Notes**

**[No Change]**

- 12 -

**RULE 8.060.     DISCOVERY**

    **(a)     Notice of Discovery.**

        (1)     [No Change]

        (2)     Within 5 days of service of the child's notice of discovery, the petitioner shall serve a written discovery exhibit which shall disclose to the child or the child's counsel and permit the child or the child's counsel to inspect, copy, test, and photograph the following information and material within the petitioner's possession or control:

            (A)     A list of the names and addresses of all persons known to the petitioner to have information ~~which~~that may be relevant to the allegations, to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.402(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:

                (i)     Category A. These witnesses shall include:

                    ~~(a)~~a.   eye witnesses;

                    ~~(b)~~b.   alibi witnesses and rebuttal to alibi witnesses;

                    ~~(c)~~c.   witnesses who were present when a recorded or unrecorded statement was taken from or made by the child or codefendant, which shall be separately identified within this category;

                    ~~(d)~~d.   investigating officers;

                    ~~(e)~~e.   witnesses known by the petitioner to have any material information that tends to negate the guilt of the child as to the petition's allegations;

                    ~~(f)~~f.   child hearsay witnesses; ~~and~~

                    ~~(g)~~g.   expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify~~.~~; and

h.      informant witnesses who will offer testimony concerning the statements of a child charged with a delinquent act about the issues for which the child is being tried.

(ii) – (iii)     [No Change]

(B) – (E)     [No Change]

(F)     Any tangible papers or objects ~~which~~that were obtained from or belonged to the child.

(G)     Whether the petitioner has any material or information ~~which~~that has been provided by a confidential informant.

(H) – (J)     [No Change]

(K)     Any tangible papers or objects ~~which~~that the petitioner intends to use in the hearing and ~~which~~that were not obtained from or belonged to the child.

(L)     Whether the state has any material or information that has been provided by an informant witness, including:

(i)     the substance of any statement allegedly made by the child about which the informant may testify;

(ii)     a summary of the criminal record of the informant witness;

(iii)     a summary of the delinquency record of the informant witness, if court ordered;

(iv)     the time and place under which the child's alleged statement was made;

(v)     whether the informant witness has received, or expects to receive, anything in exchange for his or her testimony; and

(vi)     the informant witness's prior history of cooperation, in return for any benefit, as known to the state.

(3) – (5)     [No Change]

**(b)** **Required Disclosure to Petitioner.**

(1)    If a child elects to participate in discovery, within 5 days after receipt by the child of the discovery exhibit furnished by the petitioner under this rule, the following disclosures shall be made:

(A)    The child shall furnish to the petitioner a written list of names and addresses of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and location of examination pursuant to the subpoena. At such examination, the child through counsel shall have the right to be present and to examine the witness. The physical presence of the child shall be governed by rule 8.060(d)(6).

(B)    [No Change]

(2) – (3)    [No Change]

**(c)**    **[No Change]**

**(d)**    **Depositions.**

**(1) – (5)**    **[No Change]**

**(6)**    **Physical Presence of Child.** The child shall not be physically present at a deposition except upon stipulation of the parties or as provided by this rule. ―――――――The court may order the physical presence of the child upon a showing of good cause. In ruling, the court may consider:

(A) – (B)    [No Change]

(C)    any cost or inconvenience ~~which~~that may result; and

(D)    [No Change]

**(7) – (9)**    **[No Change]**

**(e)**    **[No Change]**

**(f)** **Nontestimonial Discovery.** After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions whichthat are just, require:

(1) – (2)     [No Change]

**(g)** **[No Change]**

**(h)** **Supplemental Discovery.** If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material whichthat the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.

**(i) – (j)**     **[No Change]**

**(k)** **Motion to Terminate or Limit Examination.** At any time during the taking of a deposition, on motion of a party or of the deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may:

_____(1) terminate the deposition,;

_____(2) limit the scope and manner of the taking of the deposition,;

_____(3) limit the time of the deposition,;

_____(4) continue the deposition to a later time,;

_____(5) order the deposition to be taken in open court and, in addition,;

_____(6) may impose any sanction authorized by this rule.

If the order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.

(*l*) – (m)     [No Change]

**Court Commentary**

**[No Change]**

**RULE 8.080.     ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA**

**(a) – (b)     [No Change]**

**(c)     Determination by Court.** The court, when making this determination, should place the child under oath and shall address the child personally. The court shall determine that the child understands each of the following rights and consequences of entering a guilty or nolo contendere plea:

**(1)     Nature of the Charge.** The nature of the charge to which the plea is offered and the possible dispositions available to the court.

**(2)     Right to Representation.** If the child is not represented by an attorney, that the child has the right to be represented by an attorney at every stage of the proceedings and, if necessary, one will be appointed. Counsel shall be appointed if the child qualifies for such appointment and does not waive counsel in writing subject to the requirements of rule 8.165.

**(3)     Right to an Adjudicatory Hearing and Attendant Rights.** That the child has the right to plead not guilty, or to persist in that plea if it had already been made, and that the child has the right to an adjudicatory hearing and at that hearing has the right to the assistance of counsel, the right to compel the attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself.

**(4)     Effect of Plea.** That, if the child pleads guilty or nolo contendere, without express reservation of the right to appeal, the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired.

**(5)** <u>**Waiving Right to an Adjudicatory Hearing.**</u> That, if the child pleads guilty or nolo contendere, there will not be a further adjudicatory hearing of any kind, so that by pleading so the right to an adjudicatory hearing is waived.

**(6)** <u>**Questioning by Judge.**</u> That, if the child pleads guilty or nolo contendere, the court may ask the child questions about the offense to which the child has pleaded, and, if those questions are answered under oath, on the record, the answers may later be used against the child in a prosecution for perjury.

**(7)** <u>**Terms of Plea Agreement.**</u> The complete terms of any plea agreement including specifically all obligations the child will incur as a result.

**(8)** <u>**Sexual Offender Registration.**</u> That, if the child pleads guilty or nolo contendere to certain sexual offenses, the child may be required to register as a sexual offender.

**(9)** <u>**Sexually Violent or Sexually Motivated Offenses.**</u> That, if the child pleads guilty or nolo contendere, and the offense to which the child is pleading is a sexually violent offense or a sexually motivated offense, or if the child has been previously adjudicated for such an offense, the plea may subject the child to involuntary civil commitment as a sexually violent predator on completion of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated, as this admonition shall be given to all children in all cases.

**(10)** ~~That, if the child pleads guilty or nolo contendere, and the child is not a United States citizen, the facts underlying the plea may subject the child to deportation pursuant to the laws and regulations governing the United States Citizenship and Immigration Services. It shall not be necessary for the trial judge to inquire as to whether the child is a United States citizen, as this admonition shall be given to all children in all cases.~~<u>**Deportation Consequences.**</u>

(A)  <u>If the child is not a citizen of the United States, the facts underlying the child's plea and the court's acceptance of the plea of guilty or nolo contendere, regardless of whether adjudication of guilt has been withheld, may have the additional consequences of changing his or her immigration status, including deportation or removal from the United States, pursuant to the laws of the United States.</u>

(B)    The court should advise the child to consult with counsel if he or she needs additional information concerning the potential deportation consequences of the plea.

(C)    If the child has not discussed the potential deportation consequences with his or her counsel, prior to accepting the child's plea, the court is required, upon request, to allow a reasonable amount of time to permit the child to consider the appropriateness of the plea in light of the advisement described in this subdivision.

(D)    This admonition should be given to all children in all cases, and the trial court must not require at the time of entering a plea that the child disclose his or her legal status in the United States.

**(d) – (h)    [No Change]**


**RULE 8.085.    PREHEARING MOTIONS AND SERVICE**

**(a)    Prehearing Motions.**

**(1)    Motions in General.** Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion ~~and~~or if the party is represented by an attorney, the party's attorney. This requirement may be waived by the court for good cause shown.

**(2) – (6)    [No Change]**

**(b) – (d)    [No Change]**

**(e)    Pleading to Be Signed by Attorney.** Every written paper or pleading of a party represented by an attorney shall be signed in the attorney's individual name by such attorney, whose mailing address, primary e-mail address and telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida. Any document served by e-mail or filed electronically may be signed by any of the "/s/," "/s", or "s/" formats. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.

**(f) – (h)** **[No Change]**

**Committee Notes**

**[No Change]**

**RULE 8.090.** **SPEEDY TRIAL**

**(a)** **Time.** If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:

(1) ~~T~~the date the child was taken into custody~~.~~; or

(2) ~~T~~the date of service of the summons that is issued when the petition is filed.

**(b)** ~~**Dismissal**~~**Motion to Discharge.** If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the ~~respondent~~child shall be entitled to the appropriate remedy as set forth in subdivision (m). ~~The court b~~Before granting such motion, the court shall make the required inquiry under subdivision (d).

**(c)** **Commencement.** A child shall be ~~deemed~~considered to have been brought to trial if the adjudicatory hearing begins ~~before the court~~ within the time provided. The adjudicatory hearing is considered to have commenced when the first witness is sworn before the judge.

**(d)** ~~**Motion to Dismiss**~~**Discharge Exceptions.** If the adjudicatory hearing is not commenced within the periods of time established, the ~~respondent~~child shall be entitled to the appropriate remedy as set forth in subdivision (m) unless any of the following situations exist:

(1) – (2) [No Change]

(3) The failure to hold an adjudicatory hearing is attributable to the child, ~~a co-respondent in the same adjudicatory hearing, or their counsel~~or his or her counsel, or to accommodate a co-defendant when the state shows the necessity of trying the cases together.

- 20 -

(4)     The child was unavailable for the adjudicatory hearing. A child is unavailable if:

(A) – (B)     [No Change]

No presumption of nonavailability attaches, but if the state objects to ~~dismissal~~discharge and presents ~~any evidence tending to show~~evidence of nonavailability, the child must, by competent proof, establish availability during the term.

(5)     [No Change]

(6)     If the court finds ~~dismissal~~discharge is not appropriate, the pending motion to ~~dismiss~~discharge shall be denied, and an adjudicatory hearing shall commence within 90 days of a written or recorded order of denial.

**(e)     Incompetency of Child.** Upon the filing of a motion ~~to declare~~suggesting that the child may be incompetent, the speedy trial period shall be tolled until a subsequent finding of the court that the child is competent to proceed.

**(f)     Extension of Time.** The period of time established by subdivision (a) may be extended as follows:

(1)     [No Change]

(2)     By written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances. The order extending the period shall recite the reasons for the extension and the length of the extension. Exceptional circumstances are those which require an extension as a matter of substantial justice to the child or the state or both. Such circumstances include:

(A)     [No Change]

(B)     a showing by the state that the case is so unusual and so complex, due to the number of ~~respondents~~child co-defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;

(C) – (D)     [No Change]

(E)     a showing that a delay is necessary to accommodate a co-~~respondent~~defendant, ~~where~~when there is a reason not to sever the cases in order to proceed promptly with the trial of the ~~respondent~~child; or

(F)     [No Change]

Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.

(3)     By written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including, but not limited to, an examination and hearing to determine the mental competency or physical ability of the ~~respondent~~child to stand trial for hearings or pretrial motions, for appeals by the state, and for adjudicatory hearings of other pending charges against the child.

**(g)     Speedy Trial Upon Demand.** Except as otherwise provided by this rule and subject to the limitations imposed by subdivision (h), the child shall have the right to demand a trial within 60 days, by filing a ~~written~~ pleading ~~en~~titled "Demand for Speedy Trial" with the court and serving it upon the prosecuting attorney.

(1) – (4)     [No Change]

**(h)     Demand for Speedy Trial; Effect.** A demand for speedy trial shall be deemed a pleading by the ~~respondent~~child that he or she is available for the adjudicatory hearing, has diligently investigated the case, and is prepared or will be prepared for the adjudicatory hearing within 5 days. A demand may not be withdrawn by the child except on order of the court, with consent of the state, or on good cause shown. Good cause for continuance or delay on behalf of the ~~accused~~child shall not thereafter include nonreadiness for the adjudicatory hearing, except as to matters ~~which~~that may arise after the demand for the adjudicatory hearing is filed and ~~which~~that could not reasonably have been anticipated by the ~~accused~~child or defense counsel.

**(i)     ~~Dismissal~~Discharge After Demand.** If an adjudicatory hearing has not commenced within 50 days after a demand for speedy trial, upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney, the child shall have the right to the appropriate remedy as set forth in subdivision (m), provided the court has made the required inquiry under subdivision (d).

**(j) Effect of Mistrial, Appeal, or Order of New ~~Trial~~<u>Adjudicatory Hearing</u>.** A child who is to be tried again or whose adjudicatory hearing has been delayed by an appeal by the state or the ~~respondent~~<u>child</u> shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new ~~trial~~<u>adjudicatory hearing</u>, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new ~~trial~~<u>adjudicatory hearing</u> for the ~~respondent~~<u>child</u>, whichever is last. If the child is not brought to ~~trial~~<u>an adjudicatory hearing</u> within the prescribed time periods, the child shall be entitled to the appropriate remedy as set forth in subdivision (m).

**(k) - (*l*)  [No Change]**

**(m) Remedy for Failure to Try ~~Respondent~~<u>Child</u> Within the Specified Time.**

(1) No remedy shall be granted to any ~~respondent~~<u>child</u> under this rule until the court shall have made the required inquiry under subdivision (d).

(2) The ~~respondent~~<u>child</u> may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the ~~respondent~~<u>child</u> shall simultaneously file a notice of hearing. The motion for discharge and its notice of hearing shall be served upon the prosecuting attorney.

(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the ~~respondent~~<u>child</u> be brought to trial within 10 days. If the ~~respondent~~<u>child</u> is not brought to trial within the 10-day period through no fault of the ~~respondent~~<u>child</u>, the ~~respondent~~<u>child</u> shall be forever discharged from the ~~crime~~<u>delinquent act or violation of law</u>.

**Committee Notes**

**[No Change]**

**RULE 8.100.   GENERAL PROVISIONS FOR HEARINGS**

Unless otherwise provided, the following provisions apply to all hearings:

**(a)**	**[No Change]**

**(b)**	**Use of Restraints on the Child.** Instruments of restraint, such as handcuffs, chains, irons, ~~or~~ straitjackets, cloth and leather restraints, or other similar items, ~~may~~shall not be used on a child during a court proceeding ~~and~~ except when ordered by the court prior to the child's appearance in the courtroom in accordance with this rule. Instruments of restraint must be removed prior to the child's appearance ~~before the court~~ unless after an individualized assessment of the child the court finds ~~both~~ that:

(1)	The use of restraints is necessary due to one of the following factors:

(A)	~~Instruments of restraint are necessary~~ to prevent physical harm to the child or another person;

(B)	~~T~~the child's ~~has a~~ history of disruptive courtroom behavior that has placed others in potentially harmful situations or that presents a substantial risk of inflicting physical harm or himself or herself or others as evidenced by recent behavior; or

(C)	~~There is~~ a founded belief that the child presents a substantial risk of flight from the courtroom; and

(2)	There are no less restrictive alternatives to restraints that will prevent flight or physical harm to the child or another person, including, but not limited to, the presence of court personnel, law enforcement officers, or bailiffs.

(3)	In making a determination that the use of instruments of restraint is necessary, pursuant to subdivision (b)(1), the court shall consider:

(A)	any past escapes or attempted escapes by the child;

(B)	evidence of a present plan of escape by the child;

(C)	a credible threat by the child to harm himself or herself or another person during court;

(D)	evidence of self-injurious behavior on part of the child; and

- 24 -

(E)     any other factor that is relevant in determining whether the use of instruments of restraint are necessary pursuant to subdivision (b)(1).

(4)     The court shall provide the child's attorney an opportunity to be heard before the court orders the use of restraints. Counsel shall be appointed for this hearing if the child qualifies for such appointment and does not waive counsel in writing as required by rule 8.165.

(5)     If restraints are ordered, the court shall make specific and individualized findings of fact in support of the order and the least restrictive restraints shall be used. Any restraints shall allow the child limited movement of his or her hands to read and handle documents and writings necessary to the hearing.

(6)     Under no circumstances should a child be restrained using fixed restraints to a wall, floor, or furniture.

(c) – (g)     [No Change]


**RULE 8.110.     ADJUDICATORY HEARINGS**

(a)     **Appearances; Pleas.** The child shall appear before the court at the times set and, unless a written plea has been filed, enter a plea of guilty, not guilty, or, with the consent of the court, nolo contendere.

(b)     **[No Change]**

(c)     **Trial by ~~Judge~~Court.** The adjudicatory hearing shall be conducted by the judge without a jury. At this hearing, the court determines whether the allegations of the petition have been sustained.

~~(d)     **Testimony.** The child may be sworn and testify in his or her own behalf. The child may be cross-examined as other witnesses. No child shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted to comment on the failure of the child to testify in his or her own behalf. A child offering no testimony in his or her own behalf except his or her own shall be entitled to the concluding argument.~~

- 25 -

**(e~~d~~)  Joint and Separate Trials.** When 2 or more children are alleged to have committed a delinquent act or violation of law, they shall be tried jointly unless the court in its discretion orders separate trials.

**(e)  Testimony.** The child may choose to be sworn as a witness and testify in his or her own behalf. The child may be cross-examined as other witnesses. No child shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted to comment on the failure of the child to testify in his or her own behalf. A child offering no testimony on his or her own behalf except his or her own shall be entitled to the concluding argument.

**(f)  ~~Dismissal. If the court finds that the allegations in the petition have not been sustained, it shall enter an order so finding and dismissing the case.~~ Motion for Judgment of Dismissal.** If, at the close of the evidence for the petitioner or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child shall, enter an order dismissing the petition for insufficiency of the evidence. A motion for judgment of dismissal is not waived by subsequent introduction of evidence on behalf of the child. The motion must fully set forth the grounds on which it is based.

**(g)  ~~Dispositional Alternatives. If the court finds that the evidence supports the allegations of the petition, it may enter an order of adjudication or withhold adjudication as provided by law. If the pre-disposition report required by law is available, the court may proceed immediately to disposition or continue the case for a disposition hearing. If the report is not available, the court will continue the case for a disposition hearing and refer it to the appropriate agency or agencies for a study and recommendation. If the case is continued the court may order the child detained.~~Dismissal.** If the court finds that the allegations in the petition have not been proven beyond a reasonable doubt, it shall enter an order so finding and dismissing the case.

**(h)  Degree of Offense.** If in a petition there is alleged an offense which is divided into degrees, the court may find the child committed an offense of the degree alleged or of any lesser degree supported by the evidence.

**(i)**  [No Change]

**(j)  Lesser Included Offenses.** On a petition on which the child is to be tried for any offense, the court may find the child committed:

(1)     an attempt to commit the offense, if ~~the~~such attempt is an offense and is supported by the evidence; or

(2)     any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the petition and is supported by the evidence.

**(k)     ~~Motion for Judgment of Dismissal.~~** ~~If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child shall, enter an order dismissing the petition for insufficiency of the evidence.~~**Dispositional Alternatives.** If the court finds that the evidence proved the allegations of the petition beyond a reasonable doubt, it may enter an order of adjudication or withhold adjudication as provided by law. If the pre-disposition report required by law is available, the court may proceed immediately to disposition or continue the case for a disposition hearing. If the report is not available, the court will continue the case for a disposition hearing and refer it to the appropriate agency or agencies for a study and recommendation. If the case is continued the court may order the child detained.

**RULE 8.255.     GENERAL PROVISIONS FOR HEARINGS**

**(a) – (d)     [No Change]**

**(e)     Invoking the Rule.** Before the examination of any witness the court may, and on the request of any party ~~shall~~must, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.

**(f)     [No Change]**

**(g)     Record.** A record of the testimony in all hearings ~~shall~~must be made by an official court reporter, a court-approved stenographer, or a recording device. The records of testimony ~~shall~~must be preserved as required by law. Official records of testimony ~~shall~~must be transcribed only on order of the court.

**(h)     [No Change]**

**(i)** ~~**Advising Parents.** At any hearing when it has been determined that reunification is not a viable alternative, and prior to the filing of the petition for termination of parental rights, the court shall advise the parent of the availability of private placement of the child with an adoption entity as defined in Chapter 63, Florida Statutes.~~**Written Notice.** The court must provide written notice of the right to participate in a private adoption plan, pursuant to chapter 63, Florida Statutes, when required by law.

**Committee Notes**

**[No Change]**


## RULE 8.257.    GENERAL MAGISTRATES

**(a) – (f)**    **[No Change]**

**(g)    Record.**

(1)    For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review. The record shall consist of:

(A) – (C)    [No Change]

(2) – (4)    [No Change]

**(h)    [No Change]**


## RULE 8.320.    PROVIDING COUNSEL TO PARTIES

**(a)    Duty of the Court.**

(1)    At each stage of the dependency proceeding, the court shall advise the parent of the right to have counsel present.

(2) – (3)

- 28 -

(4)    At each stage of the dependency proceeding, the court shall appoint an attorney to represent a child with special needs as defined in chapter 39, Florida Statutes, and who is not already represented by an attorney.

**(b)    [No Change]**

**RULE 8.425.        PERMANENCY HEARINGS**

**(a)    [No Change]**

**(b)    Determinations at Hearing.**

(1)    The court shall determine:

(A) – (D)    [No Change]

(2) – (3)    [No Change]

~~(4)    If the court approves a permanency goal of adoption, the court shall advise the parents of the availability of private placement of the child with an adoption entity, as defined in chapter 63, Florida Statutes.~~

**(c)    [No Change]**

**(d)    Permanency Order.**

(1) – (2)    [No Change]

~~(3)    If the court approves a permanency goal of adoption, the order approving this goal shall include a provision stating that the court advised the parents of the availability of private placement of the child with an adoption entity as defined in chapter 63, Florida Statutes, during the permanency hearing.~~

(4~~3~~)    If the court approves a permanency goal of permanent guardianship of a dependent child, placement with a fit and willing relative, or another planned permanent living arrangement, the court shall make findings as to why this permanent placement is established without adoption of the child to follow. The department and the guardian ad litem must provide the court with a recommended list and description of services needed by the child, such as independent living services and medical, dental, educational, or psychological

referrals, and a recommended list and description of services needed by his or her caregiver.

(54)   If the court establishes a permanent guardianship for the child, the court's written order shall:

(A) – (F)   [No Change]

(65)   The court shall retain jurisdiction over the case and the child shall remain in the custody of the permanent guardian unless the order creating the permanent guardianship is modified by the court. The court shall discontinue regular review hearings and relieve the department of the responsibility for supervising the placement of the child. Notwithstanding the retention of jurisdiction, the placement shall be considered permanency for the child.

(76)   If the court permanently places a child with a fit and willing relative, the court's written order shall:

(A) – (D)   [No Change]

(87)   If the court establishes another planned permanent living arrangement as the child's permanency option:

(A) – (D)   [No Change]

**(e) – (f)   [No Change]**


**RULE 8.435.   REINSTATEMENT OF JURISDICTION FOR YOUNG ADULT**

**(a)   Petition for Reinstatement of Jurisdiction.**

(1)   [No Change]

(2)   The petition for reinstatement of jurisdiction must be in writing and specify that the young adult meets the eligibility requirements for readmission to foster care as provided by law. The petition shall indicate whether the young adult has a special need requiring appointment of counsel as required by section 39.01305, Florida Statutes. The petition is not required to be sworn and notarized.

(3)     [No Change]

**(b)     [No Change]**

**(c)     Order on Petition for Reinstatement of Jurisdiction.**

(1) – (2)     [No Change]

(3)     The court shall appoint an attorney to represent a young adult with special needs as defined in section 39.01305, Florida Statutes, who is not already represented by an attorney.

**FORM 8.947.** **DISPOSITION ORDER—DELINQUENCY**

## DISPOSITION ORDER

A petition was filed on .....(date)....., alleging .....(name)....., ….. age, to be a delinquent child. The court finds that it has jurisdiction of the proceedings.

Present before the court were:

.....the child;

.....       .....(name)....., Assistant State Attorney;

.....       .....(name)....., Assistant Public Defender/defense attorney;

.....       .....(name)....., guardian;

.....       .....(name)....., DJJ juvenile probation officer.

At the hearing on .....(date)....., after ….. entry of a plea/an adjudicatory hearing…..the child was found to have committed the delinquent acts listed below:

|  | Count | Count | Count | Count |
|---|---|---|---|---|
| Charge | ......... | ......... | ......... | ......... |
| Lesser | ......... | ......... | ......... | ......... |
| Maximum | ......... | ......... | ......... | ......... |
| Degree | ......... | ......... | ......... | ......... |
| Guilty | ......... | ......... | ......... | ......... |
| Nolo contendere | ......... | ......... | ......... | ......... |
| Nolo prose | ......... | ......... | ......... | ......... |
| Adjudicated | ......... | ......... | ......... | ......... |
| Adj. withheld | ......... | ......... | ......... | ......... |

The predisposition report was ..... received and considered/waived by the child .....

The court, having considered the evidence and comments offered by those present, having inquired, and being otherwise fully advised in the premises ORDERS THAT:

.....     Adjudication of delinquency is withheld.

.....     The child is adjudicated delinquent,......

.....     The child is committed to a ..... licensed child caring agency…..the Department of Juvenile Justice for placement in:

.....     The child is committed to the Department of Juvenile Justice for placement in:

..... a minimum-risk nonresidential commitment program, for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first.

..... a ~~... low- or ... moderate-risk~~non-secure residential commitment program, for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because

     ..... the child is before the court for the disposition of a felony;

     ..... the child has previously been adjudicated <u>or had adjudication withheld </u>for a felony offense;

     ..... the child previously has been adjudicated or had adjudication withheld for three or more misdemeanor offenses<u> within the previous 18 months</u>;

     ..... the child is before the court for disposition for a violation of sections 800.03, 806.031, or 828.12, Florida Statutes; or

     ..... the court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. The facts supporting this finding are: ...........

     ..... a high-risk commitment program<u>,</u> for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child is before the court for <u>the </u>disposition of a felony.

     ..... a maximum-risk commitment program, for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child meets the criteria in section 985.465 or 985.494, Florida Statutes.

..... The child is allowed .......... days credit for time spent in secure detention or incarceration before this date.

..... The child shall be placed on<u>:</u>

     ..... home detention ....<u>..</u> with/without-..... electronic monitoring until placement.

     ..... secure detention until placement.

..... The court has orally pronounced its reasons for adjudicating and committing this child.

..... The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law.

..... The child is placed on post-commitment juvenile probation for an indefinite period not to exceed the child's 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.

..... Following commitment, the child is placed on conditional release for a period not to exceed the child's 21st birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.

..... JUVENILE PROBATION: The child is ..... ~~placed on~~/continued ~~in~~ on ..... juvenile probation under supervision of ..... the Department of Juvenile Justice/..... (name) ..... and

> ..... the court having withheld adjudication of delinquency, for an indefinite period not to exceed the child's 19th birthday.

> ..... the court having adjudicated the child delinquent, for an indefinite period not to exceed the child's 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, except for a second degree misdemeanor, six months, whichever comes first.

> ..... as part of a sex offender treatment program, for an indefinite period not to exceed the child's 21st birthday or the maximum term of imprisonment an adult could receive for each count listed above.

... ~~DISMISS: The case is dismissed.~~

..... Disposition on each count is ..... concurrent/consecutive ......

..... This case disposition is ..... ~~concurrent~~ with/consecutive to ..... ~~with~~ case number ...........

GENERAL CONDITIONS OF JUVENILE PROBATION. The child ~~shall~~must abide by all of the following conditions:

1. The child ~~shall~~must obey all laws.

2. The child ~~shall~~must be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.

3. The child ~~shall~~must not change or leave ..... his/her ..... residence, school, or place of employment without the consent of ..... his/her ..... parents and juvenile probation officer.

4. The child ~~shall~~must answer truthfully all questions of ..... his/her ..... juvenile probation officer and carry out all instructions of the court and juvenile probation officer.

5. The child ~~shall~~must keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.

6. The child ~~shall~~must not use or possess alcoholic beverages or controlled substances.

SPECIAL CONDITIONS OF JUVENILE PROBATION. The child ~~shall~~must abide by all of the conditions marked below:

..... Restitution is ordered.

     ..... Parent ~~and child~~ (s) is/are responsible,

     ..... Child is responsible,

     ..... jointly and severally with ...........

..... ~~Amount is reserved~~The court reserves jurisdiction to determine the amount of restitution to be paid.

..... $.......... to be paid to ..... (name) ….. Payments shall begin .....(date)..... and continue at the rate of $ .......... each month.

... ~~The court retains jurisdiction under Chapter 985, Florida Statutes, to enforce its restitution order, regardless of the age of the child.~~

..... Community Service. ..... hours are to be performed by the child at the rate of ..... hours per month. Written proof is to be provided to the juvenile probation officer.

..... Community service for a delinquent act involving the use or possession of a firearm, under section 790.22, Florida Statute, or an offense during the commission of which the child possessed a firearm, and the child is not committed to a residential commitment program of the Department of Juvenile Justice. Community service shall be performed, if possible, in a manner involving a hospital emergency room or other medical environment that deals on a regular basis with trauma patients and gunshot wounds.

     ..... First offense, 100 hours.

     ..... Second or subsequent offense, 100 hours to 250 hours.

..... A letter of apology to be written by the child to .....(name)….. within ….. days. The letter must be a minimum of ..... words.

..... A …… word essay to be written by the child on ..... (subject)…..and provided to the juvenile probation officer within 30 days.

..... The child ~~may~~must have no ………. contact with victim(s), .....(name(s))-......

..... A ..... mental health/substance abuse-.....evaluation to be completed by the child within ….. days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment.

….. ~~The parent(s)….. is/are….. to complete counseling in……….~~

..... A curfew is set for the child ~~at~~from ........... p.m. to .......... a.m. Sunday through Thursday and from .......... p.m. to .......... a.m. Friday and Saturday.

... ~~The child's driver's license is ... suspended/revoked/withheld ... for ... (time period) ...~~

... ~~The child is to complete a ... detention/jail/prison ... tour within .......... days.~~

..... The child ~~will be subject~~must submit to random urinalysis as instructed by the Department of Juvenile Justice.

..... The child ~~will be~~must submit to electronic~~ally~~ monitor~~ed~~ing by the Department of Juvenile Justice.

..... The child ~~will~~must successfully complete all ~~sanctions~~special conditions of ~~the original~~juvenile probation ordered in this case on .....(date)......

..... Other: ...........

..... The child must pay court costs of $ .........., as specified below.

The child is placed on notice that the court may modify the conditions of .....his/her..... juvenile probation at any time and may revoke the juvenile probation if the court finds there is a violation of the conditions imposed.

## DRIVER LICENSE

..... The child's driver license .....is suspended/is revoked/is withheld/limitation is extended.....:

> ..... for .....(months/years)......

> ..... for a delinquent act involving the use or possession of a firearm, under section 790.22, Florida Statute.

>> ..... First offense, .....(up to one year)......

>> ..... Second or subsequent offense, .....(up to two years)......

> ..... for a delinquent act under Chapter 893, Florida Statutes.

>> ..... First offense, .....(up to six months)......

>> ..... Second or subsequent offense, .....(up to two years)......

## ~~GUN CHARGES~~

~~... The court finds that one of the above charges involves the use or possession of a firearm and further ORDERS the following:~~

> ~~... The child's driver's license is ... suspended/revoked ... for ... 1/2 ... years.~~

> ~~... The child is to serve ... 15/21 ... days in the Juvenile Detention Center, and shall not receive credit for time served prior to adjudication.~~

## SECURE DETENTION FOR FIREARM CHARGES

..... Having found the child committed a violation of section 790.22(3), Florida Statutes, under section 790.22(5), Florida Statutes, the child is ordered to serve:

> ..... for a first violation, .......... days (0 to 3), in the Juvenile Detention Center.

> ..... for a second violation, .......... days (0 to 15), in the Juvenile Detention Center.

..... The court finds that the delinquent act in count .......... involves the use or possession of a firearm other than a violation of section 790.22(3), Florida Statutes, and the child is not committed by this order to a residential commitment program of the Department of Juvenile Justice. Therefore, under section 790.22(9), Florida Statutes, the child is ordered to serve:

.....     for a first violation, 15 days (minimum), in the Juvenile Detention Center, and receive no credit for time served prior to this order.

.....     for a second or subsequent violation, 21 days (minimum), in the Juvenile Detention Center, and receive no credit for time served prior to this order.

.....     .......... days in the Juvenile Detention Center, and receive no credit for time served prior to this order.

THE COURT FURTHER FINDS AND ORDERSFINES, FEES, AND COSTS:

.....     The child must:

> .....     pay $ .......... (no less than $50 per case when a misdemeanor offense is charged) or $ .......... (no less than $100 per case when a felony offense is charged), the costs of prosecution and investigation, notwithstanding the child's present ability to pay, under sections 938.27 and 985.032, Florida Statutes.,
>
>> .....     $50.00, per case (in disposition of every misdemeanor case), the costs of prosecution,
>>
>> .....     $100.00, per case (in disposition of every felony case), the costs of prosecution, or
>>
>> .....     $.......... to .....(agency)....., which, having claimed costs of prosecution or investigation, as provided by law, has shown to a preponderance its entitlement to such costs of prosecution or investigation;
>
> .....     pay $.........., the Victim's Crimes Compensation Trust Fund fee, under section 938.03, Florida Statutes;
>
> .....     pay $-.........., the Teen Court cost and service charge, under section 938.19, Florida Statutes (if authorized by county ordinance);
>
> .....     pay $-.........., the Public Defender application fee, under section 27.52, Florida Statutes;
>
> .....     pay $ .........., the Public Defender attorney fee, notwithstanding the child's present ability to pay, the Legal Assistance Lien for payment of attorneys' fees or costs, under section 938.29, Florida Statutes;,
>
>> .....     $50.00, per case (in disposition of every misdemeanor case),
>>
>> .....     $100.00, per case (in disposition of every felony case), or
>>
>> .....     $.........., the court having found sufficient proof of higher fees and costs incurred to .....(agency).....;
>
> .....     pay $-.........., other costs, under section(s) ................., Florida Statutes.

.....     The child has been adjudicated delinquent and the child is required to pay $.........., an Aadditional cost, under section 939.185, Florida Statutes, if authorized by county ordinance.

- 37 -

..... The child has been adjudicated delinquent and assessed a fine and the child is required to pay $.......... to the Crime Prevention Trust Fund, under section 775.083(2), Florida Statutes.

..... The child has committed an enumerated crime against a minor and the child is required to pay $-.........., under section 938.10, Florida Statutes.

..... The child has violated chapter 794, Florida Statutes (sexual battery), or chapter 800, Florida Statutes, (lewd or lasciviousness; indecent exposure), and is ordered to make restitution to the Crimes Compensation Trust Fund under section 960.28(5), Florida Statutes, for the cost of the forensic physical examination.

..... The child has the inability to pay all court costs, including costs of prosecution, public defender application fees and costs of representation, and shall perform ..........hours of community service in lieu of these costs and fees.

## SPECIMENS FROM THE CHILD

..... The child ... has been adjudicated delinquent/has entered a plea of no contest/has entered a plea of guilty ... toor nolo contendere to, or has been found by this court to have committed, a delinquent act which is a felony or an enumerated misdemeanor, and the child is required to submit specimens under section 943.325, Florida Statutes.

## ORDERS TO PARENTS/GUARDIANS

..... The parent(s) .....-is/are-.....

..... to complete.....counseling/parenting classes/community service/restitution.....

..... participate with the child in .....court-imposed sanction/community work project.....

..... Under section 985.039, Florida Statutes:

..... the parent/legal guardian, .....(name)....., shallmust pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $5 per day for each day the child is in residential commitmentplaced in secure detention or placed on committed status and the temporary legal custody of the child is placed with the department.

..... the parent/legal guardian, .....(name)....., shallmust pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is placed into non-secure detention, on probation, or other supervision status with the department, or is committed to the minimum risk nonresidential restrictiveness level commitment, or conditional release.

..... the parent/legal guardian, .....(name)....., shallmust pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, a REDUCED fee of $..... per day for each day the child is in the custody of or supervised by the department. This reduced fee is based on the court's finding:

..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.

..... of indigency or significant financial hardship. The facts supporting this finding are: ...........

..... The cost of care/supervision fee is WAIVED based on the court's finding:

..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.

..... of indigency or significant financial hardship. The facts supporting this finding are: ...........

..... The parent/guardian, .....(name)....., .....-(address)-....., shall be liable for ..........-% of the payment. The parent/guardian, .....-(name)-....., .....-(address)-....., shall be liable for ......... % of the payment.

~~The child is placed on notice that the court may modify the conditions of ... his/her ... juvenile probation at any time and may revoke the juvenile probation if there is a violation of the conditions imposed.~~

The parties are advised that an appeal is allowed within 30 days of the date of this order.

DONE AND ORDERED in .....(city)....., ......... County, Florida on .....(date) ....., at ........... a.m./p.m.

_____
Circuit Judge

Copies to:~~..........~~

**FORM 8.953.       WAIVER OF RIGHTS**

WAIVER OF RIGHTS

**1.      Right to counsel.**

I have the right to have a lawyer help me at all times while I am in juvenile court. If I cannot afford a lawyer, the court will appoint one to help me. The person next to me is a lawyer who can help me.

I have talked to a lawyer about my case.

**2.      Entering a plea.**

This means that I am not fighting the charge(s). It means that I am entering a plea of guilty or no contest.

By pleading guilty, I am admitting that I did the crime(s) that the state says I did.

By pleading no contest, I am entering a plea because it is in my best interest, but I am not admitting that I did anything wrong.

**3.      Nature of the charge(s) against me.**

I know the crime(s) I have been charged with and what they mean.

I understand what crime(s) I am entering a plea to and which ones (if any) the state will dismiss.

**4.      Constitutional Rights**

By entering a plea, I am giving up the following constitutional rights:

**(a)      Presumption of innocence.**

Right now I am considered innocent and the state has to prove that I am guilty or that I did what they say I did beyond a reasonable doubt. I do not have to prove that I am innocent.

**(b)      Right to trial.**

The state would try to prove I am guilty at a trial or adjudicatory hearing. The state may use evidence such as witness testimony, fingerprints, videos, or photos.

**(c)      Right to call and cross examine witnesses.**

Witness testimony would be people who have information about the crime that are required to come to the trial. They will swear to tell the truth and answer questions by the

prosecutor and my lawyer. The state would ask the witnesses questions and my lawyer and I would also be able to ask the witnesses questions.

I would also have the right to call my own witnesses at trial to tell my side of the story and speak for me on my behalf.

**(d)     Right to testify on your own behalf.**

I would also have the right to tell the judge my side of the story after discussion with my lawyer.

**(e)     Right to remain silent.**

I do not have to tell my side of the story.  I can sit with my lawyer and not say anything. My decision to not talk or present evidence will not affect how the judge decides whether I am guilty or not guilty.

**5.     Evidence and/or Defenses.**

My lawyer has informed me of the facts that the state would have to prove before I could be found guilty and has discussed with me any possible defenses that could be used in my case. I am entering this plea because I think the state could prove I am guilty if we went to trial or because it is in my best interest.

**6.     Consequences of a Plea.**

My lawyer, or the court, has informed me of the possible consequences of entering into this plea, including, but not limited to:

(a)     loss of driver license;

(b)     deportation issues;

(c)     how this will affect my record and future punishment from the court, including possible consequences in adult court;

(d)     how this affects my ability to get a job, join the military, or apply for college;

(e)     how this will affect my ability or my parent's or guardian's ability to secure or maintain housing; and

(f)     issues relating to sex offender registration and notification as well as *Jimmy Ryce* consequences.

**7.     Voluntary and Intelligent.**

I am entering this plea because I want to or because I think it is in my best interest. No one is forcing me to enter this plea. No promises or threats have been made to get me to enter this plea.

I am not under the influence of alcohol, drugs, or medications at this time.

**8.      Appeal.**

If I went to trial and the juvenile court judge decided that I was guilty, I could ask some other judges, called appellate judges, to look over the trial and decide if the trial was fair and if the decision was fair and correct.

This is called my right to appeal. However, if the judge accepts this plea, the only issues I will be able to appeal are those that relate to my sentence and to the judge's authority to hear my case.

I am presently represented by …..(name)…… My lawyer has gone over all my rights and I am satisfied with the advice and help of my lawyer.


| | | |
|---|---|---|
| Child  | Attorney for child | Date |
| (print name) | (print name) | |

**FORM 8.964.**         **DEPENDENCY PETITION**

PETITION FOR DEPENDENCY

COMES NOW, Petitioner, .....(name)....., by and through undersigned counsel, and petitions this court to adjudicate the above-named minor child(ren) to be dependent within the meaning and intent of chapter 39, Florida Statutes. As grounds, petitioner alleges the following:

1.      This court has jurisdiction over the minor child(ren), .....(name(s))....., a .....(gender)..... child, whose date(s) of birth is/are .........., and who, at the time the dependency arose, was/were in the custody of .....(name(s))......

2.      The natural mother of the minor child(ren) is .....(name)....., a resident of .....(state)....., whose address is ………..

3.      The father of the minor child(ren), .....(name(s))..... is .....(name)....., whose address is ……….. The father ..... is ..... is not married to the mother, and ..... is ..... is not listed on the child(ren)'s birth certificate(s). The mother filed a Sworn Statement About Identity or Location of Father with this court on .....(date)....., which named ………. as the father.

4.      The UCCJEA Affidavit ..... is attached ..... was filed with the Court on .....(date)..... and is incorporated by reference.

5.      The child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother/father/parents/legal custodian/caregiver(s) abused, abandoned, or neglected the minor child(ren) on or about .....(date)....., by: .................... and that these activities and environments cause the child(ren)'s physical, mental, or emotional health to be in danger of being significantly impaired.

OR

5.      The above named child(ren) is/are presently under substantial risk or imminent threat of harm or abuse or neglect, within the meaning and intent of chapter 39, Florida Statutes, which is likely to cause the child(ren)'s physical health to be significantly impaired because .....................

6.      The department is unable to ensure the protection of the minor child(ren) without judicial intervention.

7.      The mother/father/parents has/have received the following services: ....................

8.      A shelter hearing was held on .....(date)....., and the child(ren) was/were placed in the custody of ....................

9.      An arraignment hearing

.....      needs to be scheduled.

.....      is scheduled for .....(date and time)......

- 43 -

10. A guardian ad litem

..... needs to be appointed.

..... was appointed at the shelter hearing to represent the child(ren).

11. .....(name of child(ren)).... has/have special needs as defined in Chapter 39, Florida Statutes. An attorney:

..... needs to be appointed.

..... has been appointed.

12. Under chapter 39, Florida Statutes, the clerk of the court is required to issue a summons to the following parents or custodians:

The natural mother, .....(name)....., whose address is .....................

The natural father, .....(name)....., whose address is .....................

.....(Additional fathers and their addresses)......

WHEREFORE, the petitioner asks that process may issue in due course to bring the above-named parties before the court to be dealt with according to the law, to adjudicate the named minor child(ren) named to be dependent.

….(Petitioner's name)……

…… (Attorney's name)…..

….. (address and telephone number)

Florida Bar Number:……….

Verification
Certificate of service

**NOTICE OF RIGHTS**

**PLEASE READ THIS PETITION BEFORE ENTERING THE COURTROOM.**

**YOU HAVE A RIGHT TO HAVE COUNSEL PRESENT AT THIS HEARING.**

**BY COPY OF THIS PETITION, THE PARENTS, CAREGIVERS, AND/OR LEGAL CUSTODIANS ARE NOTIFIED OF THEIR RIGHT TO HAVE LEGAL COUNSEL PRESENT FOR ANY PROCEEDING RESULTING FROM THIS PETITION OR TO REQUEST THE COURT TO HAVE COUNSEL APPOINTED, IF INDIGENT.**

**Further, these persons are informed of the following:**

An arraignment is set on this matter for .....(date)....., at ..... a.m./p.m., at .....(location)...... The purpose of the arraignment is to advise as to the allegations contained in the Petition For Dependency. When your case is called, the Judge will ask you to enter a plea to this petition. The plea entered may be one of the following:

**1.     Admit: This means you admit that the petition states the truth and you do not want a trial.**

**2.     Consent: This means you neither admit nor deny the petition, but do not want a trial.**

**(If you enter either of the above two pleas, the court will set a disposition date for the matter. At disposition, the court will decide where the child will stay and under what conditions).**

**3.     Deny: This means you deny the allegations of the petition and wish the state to attempt to prove them at a trial.**

**4.     Continue: This means you wish time to confer with an attorney, before entering a plea. If you enter this plea, the court will schedule another hearing in approximately 2 weeks. At that time, another arraignment hearing will be held, and you (or your attorney) must enter one of the above three pleas.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**FORM 8.965.          ARRAIGNMENT ORDER**

ORDER ON ARRAIGNMENT AND
NOTICE OF NEXT HEARING

THIS CAUSE came to be heard on .....(date)....., under chapter 39, Florida Statutes, on the Petition For Dependency filed by .....(name)....., for arraignment of .....(name(s))...... The following persons appeared before the Court:

.....     ….. (Name)….., Petitioner
.....     ….. (Name)….., Attorney for the petitioner
.....     ….. (Name)….., Attorney for the department
.....     ….. (Name)….., Department caseworker
.....     ….. (Name)….., Mother
.....     ….. (Name)….., Attorney for the mother
.....     ….. (Name)….., Father of …..(child)…..
.....     ….. (Name)….., Attorney for father
.....     ….. (Name)….., Guardian ad litem
.....     ….. (Name)….., Attorney for guardian ad litem
.....     ….. (Name)….., Attorney/Attorneys for …..Child/Children…..
.....     ….. (Name)….., Legal custodian
.....     ….. (Name)….., Attorney for legal custodian
.....     ….. (Name)….., Other ………..

The court having considered the Petition for Dependency and having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.  This court has jurisdiction over the subject matter of this action; and

2.  The mother, …… (name)…..:

….. was …..not noticed of this hearing

…..did not appear, and the court:
    …..     entered a consent by default
    ……     did not enter a consent by default;

….. appeared with counsel….. appeared  without counsel and:
    ….. was….. was not advised of her right to legal counsel;
        knowingly, intelligently, and voluntarily, …..waived ……did not waive her
        right to legal counsel; and
    ……was ….. was not determined to qualify as indigent and….. was ….. was not
         appointed an attorney.

..... was served with a petition for dependency, and entered a plea of: ..... Admit, ..... Deny,
    ..... Consent, ..... No Plea, ..... Continuance

..... The Petitioner:

- 46 -

….. will continue a diligent search and will attempt service.

..... has conducted an adequate diligent search and is excused from further diligent search and further attempts at service.

3.    The father, .....(name).....:

..... was ..... was not noticed of this hearing;

..... did not appear, and the court:
        ..... entered a consent by default
        ..... did not enter a consent by default;

….. appeared with counsel….. appeared  without counsel and:
        ….. was….. was not advised of his right to legal counsel;
        ….. knowingly, intelligently, and voluntarily, …..waived ……did not waive his right to legal counsel; and
        ……was ….. was not determined to qualify as indigent and….. was ….. was not appointed an attorney...... was served with a petition for dependency, and entered a plea of: ..... Admit, ..... Deny, ..... Consent, ..... No Plea, ..... Continuance

..... The Petitioner:

..... will continue a diligent search and will attempt service.

..... has conducted an adequate diligent search and is excused from further diligent search and further attempts at service.

4.    That the child(ren)'s current placement in shelter care:

..... is no longer appropriate, and the child(ren) shall be returned to ……….

..... is appropriate, in that the child(ren) is/are in a setting which is as family-like as possible, consistent with the child(ren)'s best interest and special needs; and, that returning the child(ren) to the home would be contrary to the best interest of the minor child(ren); and, that every reasonable effort has been made to eliminate the need for placement of the child(ren) in shelter care, but present circumstances of the child(ren) and the family are such that shelter care is the only way to ensure the child(ren)'s health, safety, and well-being.

5. Additional findings: ……….

THEREFORE, based on the foregoing findings of fact, it is hereby ORDERED and ADJUDGED that:
1.    The minor child(ren) shall:

..... be ..... returned to ..... remain in the care and custody of .....(name)......

..... remain in the care and custody of the department in shelter care pending adjudication and disposition or until further order of this court.

2.        The child(ren): ..... is/are ..... is/are not adjudicated dependent at this hearing.

3.        ..... Mediation ..... A case planning conference is/are ordered at this time and shall be conducted on .....(date)......, at .......... a.m./p.m., at .....(location)...... All parties, unless otherwise specified, shall attend.

4.        As to the mother, .....(name)....., the court:

Accepts the plea of: ..... Admit, ..... Deny, ..... Consent, ..... Continuance.

.....Appoints ..... Does not appoint an attorney.

Sets a hearing for ..... re-arraignment ...... adjudicatory trial ..... disposition and case plan hearing ..... trial status on .....(date)..... at ..... a.m./p.m.

5.        As to the father, .....(name)....., the court:

Accepts the plea of: ..... Admit, ..... Deny, ..... Consent, ..... Continuance.
..... Appoints ..... Does not appoint an attorney.

Sets a hearing for ..... re-arraignment ...... adjudicatory trial ..... disposition and case plan hearing ..... trial status on .....(date)..... at ..... a.m./p.m.

6.        All prior orders not inconsistent with the present order shall remain in full force and effect.

DONE AND ORDERED on .....(date)......

_____
Circuit Judge

### NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)..... or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**
**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to:

**FORM 8.974.** ~~PETITION TO EXTEND OR REINSTATE COURT'S JURISDICTION~~

~~PETITION TO EXTEND JURISDICTION OR TO REINSTATE JURISDICTION AND TO SCHEDULE HEARING~~

~~I, .....(name, address, and date of birth)..... request the court, under section 39.013(2), Florida Statutes to~~

~~.....    extend jurisdiction, or~~

~~.....    reinstate jurisdiction,~~

~~and to schedule a hearing in this matter.~~

~~1.    I am currently or was on my 18th birthday in the legal custody of the Department of Children and Family Services.~~

~~2.    .....    a.    I am requesting that the court review the aftercare support, Road-to-Independence scholarship, transitional support, mental health services, and/or developmental disability services to the extent authorized by law.~~

~~.....    b.    A petition for special immigrant juvenile status has been filed on my behalf and the application will not be granted by the time I reach 18 years of age.~~

~~WHEREFORE, I request this court extend or reinstate jurisdiction in this case and schedule a hearing as soon as possible.~~

~~.....(name).....~~
~~.....(address).....~~
~~.....(phone number).....~~

**FORM 8.991.**     **FINAL ORDER DISMISSING PETITION FOR JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY**

IN THE CIRCUIT COURT OF THE_____ JUDICIAL CIRCUIT,

IN AND FOR _____ COUNTY, FLORIDA

In the interest of _____     Case no. _____

(pseudonym or initials of minor)     Division:_____

FINAL ORDER DISMISSING PETITION FOR
JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY

THIS CAUSE having come before the court on a petition for judicial waiver of parental notice of termination of pregnancy and the court being otherwise advised in the premises, finds the following:

~~The minor has not proven by sufficient evidence any of the criteria that would permit a judicial waiver of the parental notification requirements of section 390.01114(3), Florida Statutes, for the following reasons:~~

_____
_____
_____
_____

….. It was not proven by clear and convincing evidence that the minor is sufficiently mature to decide whether to terminate the pregnancy; specifically, the court has considered the following factors in reaching this decision and makes the following findings:

The minor's age is: ………..

The minor's overall intelligence indicates:
………………………………………………………………………………………………...........
………………………………………………………………………………………………...........

The minor's emotional development and stability indicate:
………………………………………………………………………………………………...........
………………………………………………………………………………………………...........

The minor's credibility and demeanor as a witness indicates:
………………………………………………………………………………………………...........
………………………………………………………………………………………………...........

The minor's ability to accept responsibility is demonstrated by:
………………………………………………………………………………………………...........
………………………………………………………………………………………………...........

The minor's ability to assess both the immediate and long-range consequences of the minor's choices is demonstrated by:
………………………………………………………………………………………………...........
………………………………………………………………………………………………...........

The minor's ability to understand and explain the medical risks of terminating her pregnancy and to apply that understanding to her decision is indicated by:

…………………………………………………………………………………………………………………
…………………………………………………………………………………………………….................

The minor's decision to have an abortion may have been made under any undue influence by another is indicated by:

…………………………………………………………………………………………………………….......
…………………………………………………………………………………………………………….......


…..     It was not proven by the preponderance of the evidence that the petitioner is the victim of child abuse inflicted by one or both of her parents or her guardian;

…..     It was not proven by clear and convincing evidence that notification of the parent or guardian is not in the best interest of the petitioner;

…..     Other: _____

_____

THEREFORE, it is ORDERED AND ADJUDGED that:

1.     The petition for judicial waiver of parental notice of termination of pregnancy is DISMISSED.

2.     The court shall provide a written transcript of all testimony and proceedings as provided by section 390.01114, Florida Statutes.

3.     The clerk shall keep and maintain a confidential record of these proceedings as provided by sections 390.01114 and 390.01116, Florida Statutes, and shall seal the record.

4.     The clerk shall immediately provide Form 9.900(f) Notice of Appeal of an Order Dismissing a Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor to the minor or petitioner if other than the minor.


    DONE AND ORDERED in the ........ court in and for ............ County, Florida, on .....(date)......


                                                _____
                                                                    Judge